Cole vs. Mitchell and others.

Cole, Appellant, vs. Mitchell and others, Respondents.

*May 3 — May 20, 1890.*

*Jurisdiction: Notice of motion: Action on judgment.*

1. An order granting leave to bring an action upon a judgment is not void for want of jurisdiction although notice of the motion therefor was served less than eight days before the order was made.

2. When the notice in such case states the amount of the judgment unpaid, the want of service of any affidavit or other paper on which the motion was founded is not a jurisdictional defect.

APPEAL from the Circuit Court for *Juneau* County.

On May 2, 1889, the following notice was served upon the respondents: " [Title of cause.] The defendants in the above-entitled action will please take notice that application will be made to said court, at the court house in the city of Madison, Dane county, Wisconsin, on the 6th day of May, 1889, at 10 o'clock in the forenoon of that day, for leave to bring an action on the judgment recovered therein on the 7th day of May, 1869, on which judgment there is now due and unpaid the sum of four hundred ($400) dollars. Said judgment was recovered in an action for trespass, and the defendants Asa Douglass, George Ball, Leonhard Ryans, Morris Lancaster, and John Crowley have been released on the payment of their proportionate share of said judgment. *Dated May 30th, A. D. 1890.* [Signed] Winsor & Winsor, Attorneys for plaintiff."

No affidavits or other papers were served with the notice, but upon the hearing of the motion the plaintiff presented an affidavit setting out more fully the facts stated in the notice. The respondents appeared specially for the purpose of objecting to the jurisdiction of the court to grant the motion. The motion was granted, but afterwards, on July 9, 1889, the order granting the same was vacated by the court, on the ground that it had no power or authority to make such order. From the order of July 9, vacating the order of May 6, the plaintiff appeals.

For the appellant there was a brief by *Winsor & Winsor*, and oral argument by *Mr. F. Winsor*.

For the respondents there was a brief by *Smith & Buell*, and oral argument by *R. B. Smith*. They contended (1) that the failure to give the eight days notice of motion deprived the court of any power to grant the plaintiff's motion. R. S. secs. 2817, 2916; Circuit Court Rule XI, sec. 1; *Bush v. Geisey*, 16 Oreg. 267; *Wilde v. Wilde*, 2 Nev. 306; *Rogers v. McElhone*, 12 Abb. Pr. 292; *Merritt v. Slocum*,

6 How. Pr. 350; *Androvette v. Bowne*, 4 Abb. Pr. 440; *Gray v. Nunan*, 63 Cal. 220; *Floyd v. Black*, 6 Litt. (Ky.), 11. (2) The failure to serve the moving papers with the notice is equally fatal. R. S. sec. 2916; Circuit Court Rule XI, sec. 2; *Corwith v. State Bank*, 8 Wis. 376; *Cartright v. Belmont*, 58 id. 370; *Hungerford v. Cushing*, 8 id. 320.[1]

ORTON, J. The judgment in this case was rendered May 7, 1869. On May 2, 1889, notice was served on the defendants that the plaintiff would make application to the court on May 6, 1889, at 10 o'clock in the forenoon, for leave to bring an action on said judgment. On that day the defendants appeared specially for the purpose of objecting to the jurisdiction and authority of the court to grant said motion. The court,. however, sustained said motion, and granted such leave. The statute under which this motion was made is as follows: "No action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, between the same parties, without leave of the court for a good cause shown, on notice to the adverse party." Sec. 2916, R. S. On the 9th day of July, 1889, the court, on motion of the defendants, they having appeared specially to make the same, ordered that said order granting leave of May 6, 1889, be vacated and set aside be-

[1] Sec. 2817, R. S., provides that "when a notice of motion is necessary, unless the time be fixed by statutes or the rules of court, it must be served eight days before the time appointed for the hearing; but the court or judge may, by an order to show cause, prescribe a shorter time." Circuit Court Rule XI, sec. 1, provides that "all motions shall be brought to hearing before the court or a judge on a notice or order to show cause. Notice of the motion shall be served on the attorney of the adverse party at least eight days before the same shall be heard," etc. Sec. 2 provides that "copies of all records, affidavits, and other papers upon which a motion or order to show cause is founded, except such as have been previously filed or served in the same action or proceeding, shall be served with the notice thereof or the order to show cause, and shall be plainly referred to therein."— REP.

cause the court had no power or authority to grant the same. This last order is the subject of this appeal. It will be seen that the order appealed from stands alone upon the want of jurisdiction of the court to grant the former order of May 6, 1889, so that the only question before this court on this appeal is, Had the court jurisdiction to make said order?

It is contended by the learned counsel of the respondent that the court had no jurisdiction to grant said order because (1) there was not eight days' notice of the motion, and (2) because no affidavit or other paper on which it was based was served on the defendants, but only the notice itself. It seems that when the notice was served there were only five days remaining before the judgment would be barred by the twenty years statute of limitations, so that this short notice was then a necessity if any previous leave to sue upon it was to be obtained at all. Perhaps there was no excuse for such laches, but such was the fact. We shall take it for granted that this application for leave was a regular motion, and that eight days' notice was required. The defendants appeared, however, not to ask for more time or longer notice, or for any postponement, or that the notice be set aside, or to claim that there was nothing due upon the judgment and therefore no merit in the application, but "specially for the purpose of objecting to the jurisdiction and authority of said court to grant said motion, and for no other purpose whatever." It does not appear that it was not convenient for the defendants to meet the motion at that time, or that there was any reason for its not being heard and disposed of at that time, except the purely technical one that the notice was shorter than the statute and rules require. There were therefore no merits in the motion to vacate the order. But that is not the question to be decided, and I speak of it only to show the nature of the proceeding, as it may affect the real question

Cole vs. Mitchell and others.

of the jurisdiction of the court to make the order at that time. The order was made on this short notice, and the question is, Was it void?

The defendants had actual notice of the motion and the time of hearing it. This gave the court jurisdiction of their persons, and they were present when the order was made. The learned counsel of the respondents have cited no authorities which show that such an order is void for want of jurisdiction. It is at most merely irregular. It is sufficient that the defendants had notice of it, and were apprised of what was going on against them, and were afforded an opportunity to defend against it. This gave the court jurisdiction over them. *In re Empire City Bank*, 18 N. Y. 200; *Rockwell v. Nearing*, 35 N. Y. 302. "It matters not that it was difficult or inconvenient to appear, if it was not impracticable." *Flint R. S. Co. v. Foster*, 5 Ga. 194, 48 Am. Dec. 248, and note. The court has jurisdiction to render judgment for default before the time of answering has expired. The judgment is not void, but merely irregular. *Salter v. Hilgen*, 40 Wis. 363. Judgment by the clerk without notice is not void, but irregular. *Egan v. Sengpiel*, 46 Wis. 704; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86. If judgments are not void when rendered before the time of answering has expired, or without notice when notice is required by law, it is quite certain that an order is not void made on too short a notice. The following cases are cited by the learned counsel of the appellant, in which it is held that an order granting leave to sue (and most of the cases are like this) may be obtained after suit is brought *nunc pro tunc*. *Angel v. Smith*, 9 Ves. 335; *Chautauque Co. Bank v. Risley*, 19 N. Y. 376; *Finch v. Carpenter*, 5 Abb. Pr. 225; *Burrough v. Hull*, Voorh. Code, 1855, sec. 71, note *d; Church v. Van Buren*, 55 How. 489; *McKernan v. Robinson*, 84 N. Y. 105; *Lane v. Salter*, 4 Rob. (N. Y.), 239. If an order is void for want of jurisdiction, which

grants leave to sue without a sufficiently long notice, then it is incurable by an order *nunc pro tunc* or in any other way. But the cases in this court, as well as common reason, are conclusive of the question. The order may have been irregular, but was not void, and therefore the circuit court ought not to have vacated and set it aside for that reason.

2. The want of service of any affidavit or other papers on which the motion was founded, with the notice, was clearly not jurisdictional. It was most obviously a mere irregularity. The notice itself states the amount of the judgment unpaid, and that was the material fact.

There being no question about the power, authority, or jurisdiction of the court to make the order on such short notice, it was just and proper for the court to do so, in order to save the judgment from the bar of the statute. It was an irregularity that did no harm or injustice to the defendants, and was purely technical.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.