FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, Respondent, v. RISCHE, Appellant.

*January 11—February 6, 1962.*

For the appellant there was a brief by *Affeldt & Lichtsinn,* and oral argument by *Eldred Dede,* all of Milwaukee.

For the respondent there was a brief by *Foley, Sammond & Lardner* and *John R. Collins,* all of Milwaukee, and oral argument by *Mr. Collins.*

FAIRCHILD, J. 1. *Is the order appealable?* Orders (really judgments) [1] of the circuit court affirming or reversing certain orders of the civil court of Milwaukee county may not be appealed to this court. [2] This rule appears in sec. 274.33 (3), Stats., which lists a number of types of orders, ordinarily entered as intermediate orders within an action, as being appealable, and then provides: ". . . but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies, or dissolves a provisional remedy or injunction."

The order (judgment) of the circuit court now appealed from affirmed an order of the civil court. Is this order of the circuit court rendered nonappealable by the language just quoted? We conclude that it is appealable.

The history of the language quoted from sec. 274.33 (3), Stats., is described in *Yaeger v. Fenske, supra.* [3] That case, however, involves an order of the circuit court which af-

---

[1] See *Swarthout v. Swarthout* (1901), 111 Wis. 102, 106, 86 N. W. 558; *Zbikowski v. Straz* (1940), 236 Wis. 161, 294 N. W. 541; and *State v. Donohue* (1960), 11 Wis. (2d) 517, 105 N. W. (2d) 844.

[2] See *Yaeger v. Fenske,* post, p. 572, 113 N. W. (2d) 411.

[3] See footnote 2.

firmed an intermediate order of the civil court of a type made appealable by sub. (3). We are of the opinion that the language quoted from sub. (3) was intended to prevent appeal to the supreme court of an order of the circuit court reviewing such *intermediate* orders of the civil court. The language was inserted only in the subsection dealing with intermediate orders, which could ultimately be reviewed on appeal from the final judgment. There are sound reasons for preventing the delay entailed in a second appeal from an intermediate order, but it seems improbable that the legislature intended to cut off the possibility of review by the supreme court of a *final* order of the civil court (of the types described in sub. (1) and sub. (2)) after review by the circuit court.

If the order of the civil court in the present case were considered as one granting a provisional remedy, appeal here from the order of the circuit court affirming it is not barred by the language quoted from sec. 274.33 (3), Stats. Passing over this possibility, however, it clearly falls within sub. (2) and we conclude that the language quoted from sub. (3) does not apply to orders of the types described in sub. (1) and sub. (2). Sec. 270.95 requires a judgment creditor to obtain leave before he can commence a new action. The order of the civil court established plaintiff's right to do so; was final with respect to that right, and was entered on a summary application in an action after judgment.

2. *Did plaintiff show good cause?* Sec. 270.95, Stats., provides:

"No action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, between the same parties, without leave of the court, for a good cause shown, on notice to the adverse party."

It has been suggested that states which refuse to allow the maintenance of actions upon judgments without a showing

of some special and adequate cause, do so because of the oppressive and vexatious character of a succession of unnecessary suits upon the same obligation.[4] It would seem to follow that when a plaintiff has shown some reason why an action on the judgment is necessary in order to preserve or enforce his rights, he has shown good cause under sec. 270.95, Stats.

Plaintiff contends it has shown the good cause required by the statute by showing that the twenty-year period of limitations subsequent to the rendition of the judgment was about to expire, and that plaintiff thereafter would be barred from obtaining execution or bringing an action on the judgment.[5] Defendant contends the contrary.

In *Excelsior Steel Furnace Co. v. Smith* [6] the court held:

> "In some states a suit on a judgment is not permitted in the absence of some showing that the second judgment will be more efficacious than the first. There must be some reason why the second suit should be maintained; otherwise the court will not permit the defendant to be repeatedly harassed and repeatedly subjected to taxation of costs. . . . it certainly is a good excuse for maintaining the second action that the former judgment is about to become barred by the statute of limitations."

In *Cole v. Mitchell* [7] this court has indicated that the imminence of the expiration of the twenty-year period is good cause. There Cole, the judgment creditor, made his application for leave four days before the twenty-year period would have expired. The circuit court granted leave to bring ac-

---

[4] 2 Black, Judgments (2d ed.), p. 1419, sec. 958.

[5] The last clause of sec. 272.04 (1), Stats., provides: ". . . but no execution shall issue or any proceedings be had upon any judgment after twenty years from the rendition thereof." Sec. 330.16 (1) provides: "Within twenty years: (1) An action upon a judgment or decree of any court of record of this state or of the United States sitting within this state."

[6] (Kansas City Ct. App. Mo. 1929), 17 S. W. (2d) 378, 380.

[7] (1890), 77 Wis. 131, 45 N. W. 948.

tion. Later the circuit court vacated the order granting leave on the ground that defects in procedure, including the four-day notice, prevented the circuit court from acquiring jurisdiction. This court reversed, deciding that the circuit court did have jurisdiction to enter its order granting leave. Although the exact question was whether irregularities in procedure were jurisdictional, it is clear that this court considered that the imminence of the expiration of the twenty-year period was good cause for leave to bring action. This court said, at page 136:

"There being no question about the power, authority, or jurisdiction of the court to make the order on such short notice, it was just and proper for the court to do so, in order to save the judgment from the bar of the statute."

Defendant's basic position appears to be (contrary to the clear implication of the *Cole* decision) that the public policy of this state limits collection of a judgment to twenty years and that the second action and the judgment to be entered therein are not new obligations but partake of infirmities of the first, including the bar of the statute. He argues that the running of sec. 272.04, Stats., against the first judgment satisfies it for all purposes, and that satisfaction of the first judgment would satisfy a judgment entered in an action on the first judgment.

Defendant relies upon a statement in *Stanley C. Hanks Co. v. Scherer* [8] that twenty years after the entry of a judgment it was satisfied in full and the debt predicated thereon extinguished. In that case, however, the application for leave to bring action was not made until more than twenty years after the judgment was rendered. The owner of the judgment contended that the absence of the judgment debtor from the state had tolled the running of the twenty-year period within which action might be brought on the judg-

[8] (1951), 259 Wis. 148, 47 N. W. (2d) 905.

ment under sec. 330.16 (1), Stats. This court, however, held that the absence of the judgment debtor did not affect the running of the twenty-year period prescribed by sec. 272.04, and that under the latter the judgment had been extinguished. The *Stanley C. Hanks Co.* decision went no further than holding that the inflexible sec. 272.04 rather than sec. 330.16 (1), which could be tolled, controlled the length of time within which an action could be brought upon a judgment. In the case now before us the twenty-year period prescribed by sec. 272.04 had not expired at the time that the civil court granted leave to bring an action on the judgment.

We have found no statutes or cases which indicate a legislative policy that a defendant be discharged from his judgment debts at the expiration of twenty years after rendition of the judgment first entered. Just as plaintiff's original cause of action would have expired at the close of the applicable period of limitations if no action had been brought, but the judgment thereon had a life of twenty years, so the cause of action on the judgment would have expired at the end of twenty years if no action had been brought, but a new judgment in an action timely brought has a life of twenty years.

Defendant contends that this result is inconsistent with sec. 270.79, Stats., which provides that a judgment shall be a lien on real property for ten years after entry. It is pointed out that if a judgment creditor should bring an action on the judgment at the end of each twenty-year period, there would be periods when no lien would exist alternating with periods when a lien would attach to the debtor's real property if any. Although this situation may lack perfect symmetry, it does not demonstrate to our satisfaction a legislative intent that every obligation shall be

wholly extinguished twenty years after the first judgment is entered upon it.

*By the Court.*—Order affirmed.

DIETERICH, J. (*dissenting*). I do not believe that the lapse of time in this case constitutes good cause under sec. 270.95, Stats. The section should be considered and read with sec. 272.04 [1] which has a statutory limitation of twenty years. Mere lapse of time is not sufficient to waive the legislative intent expressed in sec. 272.04. Twenty years is a substantial amount of time in which a judgment creditor can invoke the provisions of ch. 273, Stats.[2] The record reveals that the judgment creditor has availed himself of these proceedings on one or more occasion without discovering any available assets for the purpose of satisfying the judgment. Judgments must have some time limit to their existence and the legislature must have intended that twenty years is more than sufficient time in order for a judgment creditor to discover assets to satisfy a judgment. I would reverse.

---

[1] Sec. 272.04 (1). ". . . but no execution shall issue or any proceedings be had upon any judgment after twenty years from the rendition thereof."

[2] Ch. 273. Remedies Supplementary to Execution.