MEIER, Appellant, v. PURDUN and wife, Respondents.

No. 537 (1974). Submitted under sec. (Rule) 251.54 December 1, 1975.—Decided December 19, 1975.
(Also reported in 236 N. W. 2d 262.)

For the appellant the cause was submitted on the briefs of *Robert W. Dernbach S. C.* of Eau Claire.

For the respondents the cause was submitted on the brief of *Ernest T. C. Hanson* of Eau Claire.

ROBERT W. HANSEN, J. No action shall be brought upon a judgment rendered in any court of this state between the same parties (1) without leave of the court, (2) for good cause shown, and (3) on notice to the adverse party.[1]

In his first motion for leave to sue on his 1962 judgment, the appellant, to establish "good cause shown," stated in his affidavit that the respondents "neglected and refused to pay said judgment;" that, on information and belief, the respondents had "sufficient ability to pay the same if they choose to do so;" and that the "lien of said judgment has expired by lapse of time."

In his renewed motion, this time for leave to sue and for execution to issue, appellant stated in his affidavit that (1) the defendants "neglected and refused to pay said judgment;" (2) the defendants, on information and belief, "now have sufficient ability to pay the same if they choose to do so;" (3) the plaintiff did not within five years request the issuance of an execution "inasmuch as he did not feel that the defendants herein possessed any property out of which said judgment could be satis-

---

[1] Sec. 270.95, Stats. 1971.

fied;" and (4) the defendants own real property "having an appraised value of $21,160.00 of which value the sum of $8,040.00 constitutes said defendants' homestead, and that said real estate . . . is encumbered for less than $10,000.00 by a mortgage to Farmers Home Administration."

Is such showing of passage of time and nonpayment sufficient to establish "good cause shown," as that phrase is used in sec. 270.95, Stats. 1971?

On the basic issue of whether there was here "good cause shown" for the relief requested, testimony was taken. The appellant testified, at the hearing on the second motion, that an attempt had been made to collect on the judgment but ". . . it didn't seem that they were going to pay anything on it at the time, and you [appellant's attorney] had advised that we just not pursue it at the time." Respondent Robert W. Purdun testified that he worked "with the FHA" to settle or compromise the judgment, testifying: "I worked with the FHA through that judgment deal. We offered, I don't know how that went exactly, but we offered a certain amount to get that judgment cleared up." The attorney for the respondents stated: "Well, FHA, I think, made the loan not knowing about this judgment. The attorney or abstract didn't pick it up. . . . And these people, I think I can establish that by Mrs. Purdun, were under the impression that the FHA people had added this to their bill, and they were paying the FHA on it."

Both parties agree that nothing was paid by the respondents on the note or judgment over the ten-plus years' period of time involved, although it does appear that the respondents may have believed, following the unsuccessful attempt to settle or compromise the matter, that payments were being made by FHA on their behalf on the judgment. It is clear that the ten-year lien of

judgment period has expired.[2] It is equally clear that the five-year limit on the issuance of an execution of the judgment has expired.[3] The only way such execution could issue would be ". . . upon leave of the court, in its discretion, upon prior notice to the judgment debtor . . . ."[4] And, as previously noted, the only way a judgment lien could now be obtained would be to get a new judgment by suing on the original judgment after securing ". . . leave of the court, for good cause shown, on notice to the adverse party."[5]

As to the legislative purpose and reach of the "for good cause shown" requirement in the statute before us, we find very much in point the *Rische Case.*[6] There the plaintiff-judgment creditor applied for leave to sue on a judgment entered nineteen-plus years earlier. By affidavit the plaintiff stated that the judgment remained unsatisfied, that executions had been issued and returned unsatisfied, and that it was necessary, because of the lapse of time, to bring an action on the prior judgment in order to secure collection. The civil court granted leave, and the circuit court affirmed.

In that case the plaintiff-judgment creditor contended that ". . . it has shown the good cause required by the statute by showing that the twenty-year period of limitations subsequent to the rendition of the judgment was about to expire, and that plaintiff thereafter would be barred from obtaining execution or bringing an action on the judgment."[7] As the court noted, the defendant "con-

---

[2] *See:* Sec. 270.79, Stats. 1971.

[3] *See:* Sec. 272.04, Stats.

[4] *Id.*

[5] *See:* Sec. 270.95, Stats. 1971. Early, this court made clear that this statute does not authorize an order directing that an existing judgment be revived, but rather only authorizes an action to obtain a new judgment on a former one. *See: Ingraham v. Champion* (1893), 84 Wis. 235, 238, 54 N. W. 398.

[6] *First Wisconsin Nat. Bank of Milwaukee v. Rische* (1962), 15 Wis. 2d 564, 113 N. W. 2d 416.

tends the contrary."[8] The majority accepted the basic position of the plaintiff-judgment creditor, citing with approval a Missouri case,[9] holding: ". . . it certainly is a good excuse for maintaining the second action that the former judgment is about to become barred by the statute of limitations."[10] Of an earlier case in this court,[11] the majority held, ". . . it is clear that this court considered that the imminence of the expiration of the twenty-year period was good cause for leave to bring action."[12] One justice, in *Rische,* took the defendant-debtor's position that "Mere lapse of time is not sufficient . . ."[13] but that was only a single-justice point of view.

In interpreting what "good cause," as used in sec. 270.95, means, our court, in *Rische,* stated the purpose of so requiring some special and adequate cause to be ". . . because of the oppressive and vexatious character of a succession of *unnecessary suits upon the same obligation."* (Emphasis supplied.)[14] The majority conclusion in *Rische* was that ". . . when a plaintiff has shown some reason why an action on the judgment is necessary in order to preserve or enforce his rights, he has shown good cause under sec. 270.95, Stats."[15] There the judgment creditor acted immediately before the expiration of

[7] *Id.* at page 568.

[8] *Id.* at page 568.

[9] *Excelsior Steel Furnace Co. v. Smith* (Kansas City Ct. App. Mo. 1929), 17 S. W. 2d 378.

[10] *Id.* at page 380.

[11] *Cole v. Mitchell* (1890), 77 Wis. 131, 45 N. W. 948.

[12] *First Wisconsin Nat. Bank of Milwaukee v. Rische, supra,* footnote 6, at page 569.

[13] *Id.* at page 571, Mr. Justice DIETERICH dissenting, writing that: "Judgments must have some time limit to their existence and the legislature must have intended that twenty years is more than sufficient time in order for a judgment creditor to discover assets to satisfy a judgment."

[14] *Id.* at page 568.

[15] *Id.* at page 568.

a twenty-year limit statute. Here the judgment creditor acted after the expiration of a ten-year lien statute to restore the right of lien. We hold such action here to come within the *Rische* test as action necessary in order to enforce appellant's rights, to wit, the right of lien.

In refusing to grant leave to sue on the judgment, the trial court rejected appellant's contention that nonpayment and expiration of lien rights constituted good cause. But that holding goes contrary to what *Rische* holds. Lapse of time cannot be turned from an ingredient of good cause to a reason for finding no good cause. The trial court also referred, on the second motion, to whether the appellant or his brother had made the major contribution of capital toward their initial purchase of the farm here involved. Respondents do not contend that they do not owe the money, and we do not see an issue as to real party in interest raised or raisable at this stage on a motion to bring suit on a judgment. What was here sought was only the authorization of an action to obtain a new judgment on a former one to restore a lien right. We hold denial of the motions to thus bring suit on the judgment to have been an abuse of trial court discretion, meaning not an arbitrary denial, but "a failure to apply principles of law applicable to a situation."[16] In this case, the principle of law is the one spelled out in *Rische,* and found applicable to the situation before us.

In so holding, we deal solely with the trial court's denial of appellant's motion for leave of the court to bring an action to secure a new judgment on a former one. Initially this was the sole request for leave made to the trial court. When the request or motion was repeated,

---

[16] *See: Endeavor-Oxford Union Free High School Dist. v. Walters* (1955), 270 Wis. 561, 569, 72 N. W. 2d 535, this court stating: "Abuse of discretion does not necessarily mean ulterior motive, arbitrary conduct, or wilful disregard of the rights of a litigant, but it may mean a failure to apply principles of law applicable to a situation if prejudice results."

it was accompanied by a motion for leave of the court for execution to issue on the original judgment. While the requests for leaves are not stated to be in the alternative, we consider them to be very nearly that. If leave is granted, as here it will be, to start an action to secure a new judgment, the seeking and securing of such new judgment based on the old judgment would create a new right of lien and a new right of execution for this appellant. Where leave to seek a new judgment in place of the old is sought and secured, we see no reason for the trial court being required to consider or grant a simultaneous motion for restoration of a right to proceed under the old judgment that is sought to be replaced by a new one. So we affirm the trial court's denial of appellant's motion for leave for execution to issue on the 1962 judgment, and reverse the trial court's denial of appellant's motion for leave to sue on the 1962 judgment for a new judgment.

*By the Court.*—Orders affirmed in part; reversed in part, and cause remanded with directions to the trial court to grant leave to appellant to bring suit on the judgment.