A.C. ANDERSEN, d/b/a Andersen's, Inc., Plaintiff-Appellant,

v.

Waino E. KOJO and Vernon Bronson, Defendants-Respondents.

Court of Appeals

*No. 82–470. Submitted on briefs October 11, 1982.—Decided November 23, 1982.*
(Also reported in 327 N.W.2d 195.)

For the plaintiff-appellant the cause was submitted on the briefs of *Boardman, Suhr, Curry & Field* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Lent, Brush & Associates, S.C.,* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Plaintiff appeals from an order denying his petition for leave to sue on a judgment. We hold that the trial court abused its discretion in denying the petition, reverse the order and remand for further proceedings consistent with this opinion.

Plaintiff obtained a judgment against defendants on February 12, 1969, but never executed on the judgment. On June 15, 1981, plaintiff petitioned for leave to sue on the judgment, pursuant to sec. 806.23, Stats.[1] The trial court determined that plaintiff had not shown "good cause" under sec. 806.23 and denied the petition on the grounds of laches. It found that plaintiff's twelve-year delay in making any effort to collect the judgment was unreasonable; that defendants were entitled to presume, on the basis of plaintiff's inaction, that plaintiff was uninterested in collecting the judgment; and that defendants were prejudiced by the delay in that accumulation of interest had increased the amount due from $6,125.77 to nearly $15,000.[2]

*Leave to Sue on Judgment*

Section 806.23, Stats., provides: "No action shall be brought upon a judgment rendered in any court of this state between the same parties, without leave of the court, for good cause shown, on notice to the adverse party."

---

[1] Plaintiff originally petitioned for leave to issue execution on the judgment, pursuant to sec. 815.04(1), Stats. He later moved to withdraw that petition and substitute one seeking leave to sue on his judgment pursuant to sec. 806.23, Stats.

[2] Defendants' affidavit states that defendant received a letter from plaintiff March 27, 1981, requesting payment of $14,499.44. That amount represents the amount of the judgment plus interest of 7% per year through March 11, 1980, and 12% per year "after that date." Plaintiff's judgment was entered on February 12, 1969. At that time, the statutory interest rate on judgments was 5%. Secs. 138.04, 271.04(4) and 272.05(8), Stats. (1967). The statutory interest rate was increased to 7% by ch. 141, Laws of 1971, effective November 24, 1971. The statutory interest rate was increased again to 12% by ch. 271, Laws of 1979, effective May 11, 1980. In sec. 5, ch. 271, Laws of 1979, the legislature specifically provided that the increased rate was applicable only to actions commenced on or after the effective date of the act. There was no similar provision in ch. 141, Laws of 1971.

The purpose of the "good cause" requirement is to protect the debtor from harassment when there is no reason to believe a later judgment will be more effectively collected than the earlier. *First Wisconsin Nat. Bank v. Rische,* 15 Wis. 2d 564, 568, 113 N.W.2d 416, 418–19 (1962). However, the plaintiff can meet the "good cause" requirement by showing that an action on the judgment is necessary to enforce his or her rights. *Id.* at 568, 113 N.W.2d at 418. In *Rische,* the supreme court held that the plaintiff had met the good cause requirement by showing that the twenty-year statute of limitations on the judgment was about to expire and that plaintiff would thereafter be barred from issuing execution or obtaining leave to act on the judgment. *Id.* at 568, 113 N.W.2d at 419. In *Meier v. Purdun,* 70 Wis. 2d 1100, 1106, 236 N.W.2d 262, 265 (1975), the court held that the plaintiff had met the good cause requirement by showing that the ten-year judgment lien period provided by sec. 270.79, Stats. (1971), had expired, so that the action was necessary to enforce the plaintiff's lien.

In the present case, judgment was entered against defendants in 1969. The judgment remains unpaid. The five-year period within which plaintiff could have issued execution without leave of court has expired. Sec. 815.04 (1), Stats. The ten-year judgment lien period has also expired. Sec. 806.15(1), Stats. An action on the judgment is necessary to preserve plaintiff's lien rights and his right to issue execution on the judgment. Under *Rische* and *Meier,* this constitutes good cause for leave to act on the judgment under sec. 806.23.

The trial court held that plaintiff had not shown good cause because there was no indication that plaintiff had ever attempted to collect on the judgment. The holdings in *Rische* and *Meier* did not turn on whether the plaintiffs had previously attempted collection. The appellant's

brief in *Meier* indicates that the appellant unsuccessfully attempted to settle the matter but did not attempt to enforce his judgment by execution or garnishment. *Rische* and *Meier* thus cannot be distinguished from the present case on the basis of collection attempts. The appellant's brief in *Meier* discloses that he had been advised by counsel that collection was not worthwhile pursuing. Plaintiff's brief in the present case similarly states that he was informed that neither judgment debtor would be able to satisfy the judgment and therefore did not seek execution on the judgment. The policy behind sec. 806.23, Stats., would be defeated if courts required judgment creditors to uselessly harass judgment debtors in order to preserve their rights to enforce their judgments. Plaintiff's delay in attempting to enforce the judgment is more appropriately addressed under defendants' contention that plaintiff is guilty of laches.

*Laches*

The equitable doctrine of laches is a recognition that a party ought not to be heard when he has not asserted his right for an unreasonable length of time or that he was lacking in diligence in discovering and asserting his right in such a manner so as to place the other party at a disadvantage.

*Bade v. Badger Mut. Ins. Co.*, 31 Wis. 2d 38, 47, 142 N.W.2d 218, 222 (1966). The doctrine of laches was originally considered peculiar to courts of equity and not applicable to actions at law. However, the Wisconsin legislature provided early that equitable defenses could be raised in legal actions. Sec. 12, ch. 125, Rev. Stats. (1858).[3] *See Meske v. Wenzel*, 247 Wis. 598, 606, 20 N.W.2d 654, 657 (1945).

---

[3] Section 12, ch. 125, Rev. Stats. (1858), provided:

The defendant may set forth by answer as many defenses and counter claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both; they must each

The elements of laches are: " ' " (1) unreasonable delay, (2) lack of knowledge on the part of the party asserting the defense that the other party would assert the right on which he bases his suit, and (3) prejudice to the party asserting the defense in the event the action is maintained." ' " *Schafer v. Wegner,* 78 Wis. 2d 127, 132, 254 N.W.2d 193, 196 (1977) (citations omitted).

The trial court erred in finding that defendants would be prejudiced by having to pay interest on the judgment. That finding is a conclusion, to which we owe no deference even though it is denominated a fact. *Crowley v. Knapp,* 94 Wis. 2d 421, 429, 288 N.W.2d 815, 819 (1980). Judgment debtors must pay interest on money owed judgment creditors. Sec. 814.04(4), Stats. Interest accrues from the time the decision is rendered to the time the judgment is paid. Sec. 815.05(8), Stats.[4] Interest is customarily paid for the use of another's money. In today's economy, the payment of interest at only seven percent per year for the use of another's money cannot

be separately stated, and refer to the causes of actions which they are intended to answer, in such manner that they may be intelligibly distinguished.

This section was renumbered to sec. 263.16, Stats., by ch. 4, Laws of 1925, but was otherwise retained essentially in this form until 1935. A 1935 Revisor's Note states: "263.16 is old (R.S. 1858). It is useless. 263.13 (answers) and 263.14 (counterclaims) cover the subject, therefore 263.16 should be repealed." The section was simplified, however, rather than repealed. Sec. 33, ch. 541, Laws of 1935. No further amendments were ever made to it.

Chapter 263, Stats., was repealed when the Wisconsin Rules of Civil Procedure, chs. 801–807, Stats., were adopted by the Wisconsin Supreme Court in 1975. The substance of sec. 263.16 has been incorporated into secs. 802.02, 802.04, 802.06 and 802.07, Stats.

[4] Sections 271.04(4) and 272.05(8), Stats. (1967), in effect when the judgment was entered, were later renumbered as secs. 814.04(4) and 815.05(8), Stats. 67 Wis. 2d 761 (1974).

be considered prejudicial. Defendants are not prejudiced by the requirement that they pay interest on the judgment. The third element of laches is not met. Plaintiff's action is not barred by laches.

The decision whether to grant a motion for leave to act on a judgment is discretionary with the trial court and reversible only for an abuse of discretion. *Meier,* 70 Wis. 2d at 1106, 236 N.W.2d at 265. However, a trial court abuses its discretion when it fails to properly apply the principles of law governing a situation. *Id.* The trial court erred in determining that nonpayment of the judgment plus expiration of lien rights was not "good cause" under sec. 806.23, Stats., and in determining that defendants would be prejudiced by having to pay interest on the judgment. The trial court's denial of plaintiff's petition for leave to act on the judgment constituted an abuse of discretion.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.