COURT OF APPEALS
DECISION
DATED AND FILED

March 25, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1047**

STATE OF WISCONSIN

Cir. Ct. No. **2019SC4635**

IN COURT OF APPEALS
DISTRICT IV

---

DONALD EDWARD CARROLL,

PLAINTIFF-APPELLANT,

V.

ROLAND F. SARKO AND SARKO ENGINEERING INC.,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Order reversed and cause remanded with directions.*

¶1 NASHOLD, J.[1] Donald Carroll appeals from a circuit court order dismissing an action he brought on a 1999 small claims judgment against Ronald

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Sarko and his company Sarko Engineering Inc. (collectively, "Sarko"). The circuit court dismissed Carroll's action on grounds that Carroll failed to provide Sarko "actual notice" of Carroll's petition for leave pursuant to WIS. STAT. § 806.23 to bring the action on the 1999 judgment because Carroll did not serve the petition on Sarko in the same manner that a summons is served under WIS. STAT. § 801.11. I reverse the dismissal order and remand with directions as set forth below.

## BACKGROUND

¶2 In 1999, Donald Carroll brought a small claims action against Sarko, seeking compensation for unpaid wages. The suit, *Carroll v. Sarko*, Dane County Circuit Court Case No. 1999SC2026 ("the original action"), resulted in a money judgment against Sarko in the amount of $2,967.00.

¶3 Carroll never brought an execution action on the judgment and after nearly twenty years the judgment was still unsatisfied. On June 20, 2019, when the 20-year time period in which to execute the judgment was about to expire,[2] Carroll filed a petition in the original action for leave to bring an action on the 1999 judgment. That same day, Carroll sent the petition via certified mail to Sarko's address in Mount Horeb, Wisconsin.

---

[2] *See* WIS. STAT. § 815.04(1)(c) ("No executions shall issue or any proceedings be commenced upon any judgment after 20 years from the rendition of the judgment."); WIS. STAT. § 893.40 ("[A]ction upon a judgment or decree of a court of record of any state or of the United States shall be commenced within 20 years after the judgment or decree is entered or be barred.").

¶4 On June 24, 2019, the circuit court commissioner granted Carroll leave under WIS. STAT. § 806.23 in the original case to bring an action on the 1999 judgment.

¶5 Carroll subsequently filed a summons and complaint in Circuit Court Case No. 2019SC4635 (the "action on the judgment"). Carroll engaged a process server in an attempt to serve Sarko with the authenticated summons and complaint. The process server made three attempts to serve Sarko in Sarko's personal and representative capacities but was unsuccessful. Carroll then mailed a copy of the summons and complaint to Sarko and published notice of the suit in the *Mount Horeb Mail*, a weekly newspaper.

¶6 Sarko filed an answer in which he argued: (1) the interest on Carroll's claimed amount was not calculated in accordance with Wisconsin statutes; (2) the statute of limitations barred Carroll's claim; and (3) the basis for Carroll's claim was not stated. A hearing was held on September 27, 2019, at which the court commissioner entered judgment in favor of Carroll in the amount of $10,000, consisting of the original 1999 judgment amount of $2,967 plus postjudgment interest of $7,033.[3]

¶7 Sarko filed a demand for a trial de novo. Sarko then filed a motion to dismiss on the ground that Sarko had no notice of Carroll's petition for leave to bring an action on the judgment. Sarko argued that the lack of notice was a violation of Sarko's due process rights and deprived the court of subject matter and personal jurisdiction. Sarko's accompanying affidavit averred that Sarko "did

---

[3] The record contains no transcript of the hearing.

not have notice of the petition for leave of court to bring an action on the judgment until after this case was commenced." Carroll opposed the motion to dismiss, arguing that service by mail was sufficient for a motion or petition under WIS. STAT. §§ 806.23 and 801.14(2), and that the petition was complete upon mailing.

¶8 In a May 7, 2020 order, the circuit court granted Sarko's motion to dismiss this case, concluding that Carroll failed to provide actual notice of the petition for leave to bring an action under WIS. STAT. § 806.23 because he did not provide service of the petition in the same manner as a summons is served under WIS. STAT. § 801.11. The court concluded that Carroll's failure to do so meant that the court "lacked personal jurisdiction over Sarko and could not have granted leave to pursue this action." Carroll appeals.

**DISCUSSION**

¶9 Judgment creditors lose the right to execute on judgments after 20 years elapse following rendition of judgment. *See* WIS. STAT. § 815.04(1)(c); *see also* WIS. STAT. § 893.40. However, judgment creditors can maintain their judgment against a debtor after that period by filing an action on the judgment. *See Chase Lumber & Fuel Co. v. Chase*, 228 Wis. 2d 179, 200-01, 596 N.W.2d 840 (Ct. App. 1999) ("When a judgment becomes unenforceable, a judgment creditor may file an 'action on the judgment' in order to obtain a new, enforceable judgment."). WISCONSIN STAT. § 806.23 imposes certain requirements on a movant: "No action shall be brought upon a judgment rendered in any court of this state between the same parties, without leave of the court, for good cause shown, on notice to the adverse party." WIS. STAT. § 806.23. The outcome of this case depends on the meaning of the final clause, "on notice to the adverse party."

¶10     The circuit court agreed with Sarko that Carroll failed to provide "notice to the adverse party" as required by WIS. STAT. § 806.23.   The court determined that Carroll did not satisfy the notice requirements of § 806.23 because he did not provide service of the petition for leave to bring the action in the same manner that a summons is served under WIS. STAT. § 801.11 and therefore failed to provide actual notice of the petition.  The court rejected Carroll's argument that service by mail was sufficient under WIS. STAT. § 801.14(2).   In reaching this conclusion, the circuit court relied on a statute pertaining to execution of judgments, WIS. STAT. § 815.04(1)(b), which provides, in pertinent part:  "If no execution on a judgment … is issued within 5 years after the rendition of the judgment, … execution may be issued only upon leave of the court, in its discretion, upon prior notice to the judgment debtor, *served as a summons is served in a court of record*."  (Emphasis added.)  The court concluded:

> Since Carroll is attempting to enforce a judgment after nearly 20 years, the notice requirement of [WIS. STAT.] § 806.23 mirrors that of [WIS. STAT.] § 815.04 and actual notice is required.
>
> ….
>
> Due to the fact that [WIS. STAT.] § 806.23 requires actual notice and Sarko did not receive actual notice, the court lacked personal jurisdiction over Sarko and could not have granted leave to pursue this action.

¶11     I review independently a lower court's determination of the form of notice required, examining the relevant statutes together.  *See Kenosha Hosp. & Med. Ctr. v. Garcia*, 2004 WI 105, ¶¶37-39, 274 Wis. 2d 338, 683 N.W.2d 425 (concluding that WIS. STAT. § 801.11(5) applied instead of § 801.14(2)).

¶12     For the reasons set forth below, I reverse and remand for proceedings as set forth below.

### *I. Manner of Service and Jurisdiction*

¶13 I begin by noting that there is no dispute that the court in the original case (No. 1999SC2026) had personal jurisdiction over Sarko at the time that the judgment was entered against Sarko in 1999. *See **Hester v. Williams***, 117 Wis. 2d 634, 641, 345 N.W.2d 426 (1984) ("Personal jurisdiction is obtained by service of the summons and complaint on the defendant."). I also note that Carroll's 2019 petition for leave to bring an action on the 1999 judgment was filed, and the order granting the petition was issued, in that original case. Here, the circuit court determined that it did not have personal jurisdiction over Sarko to issue the order, despite the order having issued in a case for which there is no dispute that personal jurisdiction existed at the time that judgment was entered in 1999. In effect, the circuit court appears to have determined that the significant passage of time between the 1999 judgment and Carroll's petition for leave to bring an action on the judgment rendered the notice requirement under WIS. STAT. § 806.23 jurisdictional. I conclude that there is no legal basis for such a determination.

¶14 Moreover, because Carroll's petition for leave to bring an action on the judgment was brought in the original case, the service requirements of WIS. STAT. § 801.14 apply, which allow service by mail for "pleadings and other papers," § 801.14(2), including "every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, undertaking and similar paper," § 801.14(1). Section 801.14(2) further provides that "[s]ervice … upon a party shall be made by delivering a copy or by mailing it to the last-known address" and that "[s]ervice by mail is complete upon mailing."

¶15 I also observe that the circuit court's comparison of the notice requirement in WIS. STAT. § 806.23 to the notice requirement in WIS. STAT. § 815.04, a provision governing execution of judgments, is inapt.[4] The purposes of §§ 806.23 and 815.04 have been explicitly distinguished. *See Chase Lumber*, 228 Wis. 2d at 202 ("The 'action on judgment' statute exists to revive expired or expiring judgments, not to enforce freshly entered ones."). Indeed, rather than bolstering the circuit court's conclusion, the comparison between §§ 815.04(1)(b) and 806.23 actually undermines the court's determination that "notice to the adverse party" means that service must be provided in the same manner as a summons. Unlike § 806.23, § 815.04(1)(b) explicitly states that notice must be "served as a summons is served in a court of record." Thus, although the legislature has shown that it knows how to insert an explicit requirement that the heightened service requirements of WIS. STAT. § 801.11 apply, it has not done so with respect to § 806.23, which simply requires "notice to the adverse party." The absence of this language in § 806.23 supports the conclusion that petitions under § 806.23 do not require the heightened service requirements that executions under chapter 815 require.

---

[4] WISCONSIN STAT. § 815.04(1)(b) provides in part:

> If no execution on a judgment as described in par. (a) is issued within 5 years after the rendition of the judgment, or, if application is made by one other than the judgment creditor, execution may be issued only upon leave of the court, in its discretion, upon prior notice to the judgment debtor, served as a summons is served in a court of record. If the judgment debtor is absent or a nonresident, service of the notice may be by a class 3 notice, under ch. 985, or in any other manner that the court directs."

¶16 In so concluding, I reject Sarko's argument that WIS. STAT. § 801.14(2) should not apply here because that provision does not apply to postjudgment remedies. Although Sarko is correct that postjudgment remedies require heightened levels of notice, *see* WIS. STAT. §§ 812.07, 816.035, 815.05, here the alleged deficiency of notice related to the court's order granting leave to bring an action on the 1999 judgment, not to the subsequent summons and complaint in Carroll's action on the judgment. Even if an action on an existing judgment may be considered a postjudgment remedy, there is no basis for concluding that the petition seeking leave to bring that action is a postjudgment remedy. The policy concerns implicated by execution are not present with regard to the request for leave to bring an action on a judgment because no seizure of assets is initiated due to a petition under WIS. STAT. § 806.23.

¶17 For the foregoing reasons, and reading WIS. STAT. §§ 801.11, 801.14, 806.23, and 815.04(1)(b) together, I conclude that the notice of petition for leave to bring an action on a judgment pursuant to § 806.23 should be served as a pleading or other paper in a pending action under § 801.14(2), not as a summons under § 801.11, as the circuit court concluded. *See **Varda v. General Motors Corp.**,* 2001 WI App 89, ¶16, 242 Wis. 2d 756, 626 N.W.2d 346 (distinguishing between service of a summons and service of pleadings and other documents). Accordingly, Carroll's failure to serve the petition on Sarko in the manner that a summons is served did not deprive the circuit court of either personal or subject matter jurisdiction over Carroll's action on the judgment.

## II. *Actual Notice, Notice Requirement of WIS. STAT. § 801.15(4), and Due Process*

¶18 Although I conclude that the petition for leave to bring a judgment on the action was not required to be served as a summons is served, I nevertheless

8

conclude that there was insufficient notice of the petition under WIS. STAT. § 806.23. I first note that, although Carroll sent his § 806.23 petition to Sarko by certified mail, it is undisputed that the certified mail was returned to the United States Postal Service as unclaimed. However, even if sending the notice by certified mail to Sarko's last known address could constitute sufficient notice under WIS. STAT. § 801.14(2) despite the fact that the mail was unclaimed, I agree with Sarko that such notice did not comply with the notice requirements of WIS. STAT. § 801.15(4), which provides that "[a] written motion … and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by statute or by order of the court."[5] Here, Carroll mailed the petition by certified mail on Thursday, June 20, 2019, the petition was delivered to Sarko's residence on Saturday, June 22, and the motion was granted on Monday, June 24. This plainly does not meet the requirement in § 801.15(4) that five days' notice be given for motions. Therefore, I remand this matter to allow Sarko the opportunity to be heard on Carroll's petition for leave to bring an action on the judgment.

## CONCLUSION

¶19 I reverse the circuit court's order dismissing Carroll's action for judgment and remand this matter with directions that Sarko be provided the

---

[5] Additionally, WIS. STAT. § 801.15(5) provides in pertinent part that:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party:
>
> (a) If the notice or paper is served by mail, 3 days shall be added to the prescribed period.

opportunity to be heard on Carroll's petition for leave to bring an action on the judgment, and specifically on whether there was "good cause" under WIS. STAT. § 806.23 to bring the action.[6] If, on remand, the circuit court determines that good cause existed, then the court is directed to proceed with the de novo trial on the merits. If, however, the court determines that there was no good cause for Carroll to bring the action on the judgment, then Carroll's action shall be dismissed.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] On remand, in analyzing "good cause" under WIS. STAT. § 806.23, the circuit court and parties are directed to authority concluding that good cause may be established by the expiration or near-expiration of the time in which to execute a judgment. *See First Wis. Nat'l Bank v. Rische*, 15 Wis. 2d 564, 568-70, 113 N.W.2d 416 (1962) (good cause established by showing that the 20-year period of limitations subsequent to the rendition of the judgment was about to expire); *see also Meier v. Purdun*, 70 Wis. 2d 1100, 1106, 236 N.W.2d 262 (1975) (good cause requirement met by showing that the ten-year judgment lien had expired); *Andersen v. Kojo*, 110 Wis. 2d 22, 25, 327 N.W.2d 195 (Ct. App. 1982) (good cause established by expiration of ten-year lien period and five-year period within which plaintiff could have issued execution without leave of court); *Chase Lumber & Fuel Co. v. Chase*, 228 Wis. 2d 179, 201, 596 N.W.2d 840 (Ct. App. 1999) (discussing good cause analysis in *Rische*, *Purdun* and *Kojo*).