COURT OF APPEALS
DECISION
DATED AND FILED

May 4, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP602**

Cir. Ct. No. **2011CV1483**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

VERONIKA MCCARTHY,

　　PLAINTIFF,

FRANK P. GAURA,

　　PLAINTIFF-APPELLANT,

　V.

BRIANE F. PAGEL, JR,

　　DEFENDANT,

KREKELER STROTHER, SC,

　　DEFENDANT-RESPONDENT.

　　　　APPEAL from an order of the circuit court for Dane County: JOSANN M. REYNOLDS, Judge. *Affirmed*.

　　　　Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  In 2011, Krekeler Strother, S.C. ("Krekeler") was granted a judgment against Frank Gaura.  In 2021, Krekeler filed a motion for action on the judgment pursuant to WIS. STAT. § 806.23 (2021-22).[1]  The Dane County Circuit Court granted Krekeler's motion, and Gaura argues in this appeal that the circuit court erred in doing so.  We disagree with Gaura and, for the reasons discussed below, affirm the order of the circuit court.[2]

## BACKGROUND

¶2     The following material facts are not disputed.

¶3     In 2011, Gaura brought an action against Krekeler.  The circuit court dismissed Gaura's complaint.  In December 2011, the circuit court entered a judgment for costs in favor of Krekeler against Gaura in the amount of $545.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Krekeler's response brief cites to the parties' appendices instead of the record.  On appeal, a party must include appropriate factual references to the record in its briefing.  WIS. STAT. RULE 809.19(1)(d)-(e).  The appendix is not the record.  ***United Rentals, Inc. v. City of Madison***, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322.  We remind counsel of the obligation to comply with the Rules of Appellate Procedure.  *See* WIS. STAT. RULE 809.83(2).

In addition, Briane Pagel, Jr. was a party to this action at the time the 2011 judgment was entered.  He did not join in Krekeler's recent motion for action on the judgment.  Veronika McCarthy is a party to the judgment in this matter, but McCarthy has not filed a notice of appeal concerning the circuit court order.  Accordingly, those persons will not be mentioned further in this opinion.

Further, Gaura filed a petition to bypass in the supreme court pursuant to WIS. STAT. RULE 809.60.  The supreme court denied that petition.

Gaura appealed the judgment to this court, and this court affirmed the judgment of the circuit court.

¶4      In November 2021, Krekeler filed a motion for action on the judgment pursuant to WIS. STAT. § 806.23.[3]  The factual bases for Krekeler's motion were that the five-year period to execute on the judgment after rendition of the judgment had expired, and the ten-year judgment lien on real estate from date of entry of the judgment had expired.  *See* WIS. STAT. §§ 815.04 and 806.15(1). Krekeler asserted in its motion that an action on the judgment was necessary to preserve its lien rights and its right to execute on the 2011 judgment.  Gaura opposed Krekeler's motion in the circuit court.

¶5      At a January 2022 hearing, the circuit court granted Krekeler's motion.  The court reasoned that "the case law is very clear" that Krekeler had met the burden of showing "good cause" by establishing that its right to enforce the judgment had expired based on the operation of WIS. STAT. §§ 815.04 and 806.15(1).  Accordingly, the court concluded that the action on the judgment was necessary for Krekeler to enforce its rights.  Gaura appeals the circuit court order.

¶6      We mention other material facts in the following discussion.

---

[3] WISCONSIN STAT. § 806.23 states:  "No action shall be brought upon a judgment rendered in any court of this state between the same parties, without leave of the court, for good cause shown, on notice to the adverse party."

Separately, we note that, as of November 2021, the amount due and owing from Gaura to Krekeler on that judgment was approximately $775.

## DISCUSSION

¶7 Gaura makes several arguments concerning the circuit court's order. For the following reasons, we reject each of those arguments. We begin by discussing our standard of review.

¶8 "The decision whether to grant a motion for leave to act on a judgment is discretionary with the [circuit] court and reversible only for an [erroneous exercise] of discretion." *Andersen v. Kojo*, 110 Wis. 2d 22, 28, 327 N.W.2d 195 (Ct. App. 1982). This court will uphold an exercise of the circuit court's discretion if the circuit court examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, arrived at a conclusion that a reasonable judge could reach. *DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship*, 2004 WI 92, ¶54, 273 Wis. 2d 577, 682 N.W.2d 839.

¶9 We now discuss applicable authorities concerning a motion for an action on a judgment pursuant to WIS. STAT. § 806.23, and repeat the terms of that statute: "No action shall be brought upon a judgment rendered in any court of this state between the same parties, without leave of the court, for good cause shown, on notice to the adverse party." "When a judgment becomes unenforceable, a judgment creditor may file an action on the judgment in order to obtain a new, enforceable judgment." *Chase Lumber & Fuel Co., Inc. v. Chase*, 228 Wis. 2d 179, 200-01, 596 N.W.2d 840 (Ct. App. 1999) (internal quotation marks omitted). This court has explained the good cause requirement in § 806.23 as follows:

> The purpose of the "good cause" requirement is to protect the debtor from harassment when there is no reason to believe a later judgment will be more effectively collected than the earlier. *First Wisconsin Nat. Bank v. Rische*, 15 Wis. 2d 564, 568, 113 N.W.2d 416, 418-19

4

(1962). However, the plaintiff can meet the "good cause" requirement by showing that an action on the judgment is necessary to enforce his or her rights. *Id.* at 568 …. In *Rische*, the supreme court held that the plaintiff had met the good cause requirement by showing that the twenty-year statute of limitations on the judgment was about to expire and that plaintiff would thereafter be barred from issuing execution or obtaining leave to act on the judgment. *Id.* at 568 …. In *Meier v. Purdun*, 70 Wis. 2d 1100, 1106, 236 N.W.2d 262, 265 (1975), the court held that the plaintiff had met the good cause requirement by showing that the ten-year judgment lien period provided by [WIS. STAT. §] 270.79 ... (1971), had expired, so that the action was necessary to enforce the plaintiff's lien.

… An action on the judgment is necessary to preserve plaintiff's lien rights and his right to issue execution on the judgment. Under *Rische* and *Meier*, this constitutes good cause for leave to act on the judgment under [WIS. STAT. §] 806.23.

*Andersen*, 110 Wis. 2d at 25; *see also Chase*, 228 Wis. 2d at 201.

¶10 We now apply those precepts to the facts of this case. There is no dispute that, in order to enforce its rights on the 2011 judgment, Krekeler must file an action on the judgment under WIS. STAT. § 806.23. That is the case because, without relief pursuant to § 806.23, Krekeler cannot execute on the judgment, or docket the judgment against real estate owned by Gaura, in light of the amount of time that has elapsed since the 2011 judgment was rendered. *See* WIS. STAT. §§ 815.04 and 806.15(1). As a result, pursuant to the case law already discussed, Krekeler has met the good cause requirement under § 806.23. *See Andersen*, 110 Wis. 2d at 25 ("An action on the judgment is necessary to preserve plaintiff's lien rights and his right to issue execution on the judgment. Under *Rische* and *Meier*, this constitutes good cause for leave to act on the judgment under sec. 806.23."). Gaura makes several contrary arguments, each of which fails.

¶11 First, Gaura argues that Krekeler's motion for action on the judgment is "harassment" of Gaura by Krekeler in two respects, and that such harassment mandates rejection of Krekeler's motion. *See id.* ("The purpose of the 'good cause' requirement is to protect the debtor from harassment when there is no reason to believe a later judgment will be more effectively collected than the earlier."). Gaura alleges that Krekeler's motion for action on the judgment is harassment because it was brought as retaliation against Gaura after he appealed a circuit court ruling in a second lawsuit between Gaura and Krekeler. According to Gaura, this allegation of harassment "undermined" Krekeler's assertion that it had shown good cause for its motion.[4] Gaura also alleges that the motion is harassment of Gaura by Krekeler because Krekeler and the circuit court had information that Gaura does not have the funds to pay the 2011 judgment.

¶12 We reject Gaura's argument because it includes the proposition that there is a separate element of "no harassment" of the judgment debtor in order to satisfy the "good cause" requirement of WIS. STAT. § 806.23. As Gaura concedes in his briefing in this court, good cause is established when a motion for action on the judgment is necessary to preserve the judgment creditor's right to execute on the judgment and that right is barred by one or more statutory time limitations. *See id.* Neither the published opinions of this court nor the opinions of our

---

[4] In a related vein Krekeler asserts that Gaura was making monthly payments toward satisfaction of the judgment in the second lawsuit between these parties, and that Krekeler did not seek collection on the 2011 judgment in this case until Gaura failed to make payments on the judgment in the second lawsuit. Gaura disputes those assertions, and we agree with Gaura that there is no basis in this record to conclude that Krekeler decided to forego collection actions in this matter because Gaura was making regular payments on Krekeler's judgment against Gaura in the second lawsuit.

supreme court include a separate element of "no harassment" of the judgment debtor in order to satisfy the requirement of "good cause."[5]

¶13    Second, Gaura argues that the circuit court erred in not granting his request that Krekeler be ordered to hire him to work for that law firm in order to pay off the judgment in this action. For good reason, the circuit court rejected this contention. Gaura neither gives any authority for such an unusual request, nor presents any valid, reasonable basis for the request.[6]

¶14    Third, Gaura relies on a few statements of the circuit court made at the hearing in this matter in an attempt to assert that the circuit court came to the conclusion that there is no valid basis for Krekeler's motion. However, the circuit court's statements cannot be reasonably interpreted as coming to the conclusion that Krekeler's motion should have been denied. Those statements questioned only the amount of effort both parties were expending in this litigation regarding a relatively small debt and did not in any way question the factual or legal basis for Krekeler's motion.[7]

---

[5] Gaura also argues that the case law already discussed should be "harmonize[d]" in order to accept his interpretation of WIS. STAT. § 806.23. We reject this argument because this court does not have the authority to modify, withdraw, or overrule language in a published opinion of this court or an opinion of the Wisconsin Supreme Court. *Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).

[6] In the circuit court, Gaura argued the equitable defense of laches as a basis to reject Krekeler's motion. Gaura does not revive this argument on appeal.

[7] Gaura also may be attempting to make an argument regarding summary judgment methodology, but it is hard to decipher that portion of his brief. If Gaura has attempted to make such an argument, we reject it as undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (holding that this court may decline to address undeveloped arguments because we "cannot serve as both advocate and judge").

¶15    In sum, the circuit court properly exercised its discretion in granting Krekeler's motion for action on the judgment brought pursuant to WIS. STAT. § 806.23.[8]

**CONCLUSION**

¶16    For the foregoing reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] Gaura recently filed a motion to strike a portion of Krekeler's response brief. That motion is denied as moot in light of this court's opinion in this appeal.