Jerald MEUNIER, Plaintiff-Appellant,

v.

Frank J. OGUREK and Mary A. Ogurek,
Cedarburg Mutual Insurance Company, a
domestic insurance corporation, Defendants-
Respondents,

FORD MOTOR COMPANY, a foreign corporation,
Defendant.†

Court of Appeals

*No. 85–1623. Submitted on briefs November 17, 1986.—Decided
July 23, 1987.*

(Also reported in 412 N.W.2d 155.)

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported in a
later volume.

For the plaintiff-appellant the cause was submitted on the briefs of *Adrian P. Schoone* and *Robert E. Hankel* and *Schoone, McManus, Hankel, Ware & Fortune, S.C.,* of Racine.

For the defendants-respondents the cause was submitted on the brief of *Robert J. Asti* and *Jane E. Miller* and *Levy & Levy, S.C.,* of Cedarburg.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. Jerald Meunier appeals a summary judgment dismissing his complaint against Frank and Mary Ogurek. He also seeks review of an order denying his motion to compel responses to interrogatories about witnesses who gave statements to Ogureks. Meunier's wife was killed when the farm tractor she was operating overturned. Meunier claims that the overturn resulted when Ogureks' dog startled Mrs. Meunier. The substantive issue is whether, as the trial court held, sec. 174.02, Stats. 1981, imposes liability upon the owner of a dog which causes injuries and property damage only if the dog is mischievous or vicious or has unusual characteristics. We hold that sec. 174.02 imposes liability, even if the dog lacks such characteristics.[1] We therefore reverse and remand for

---

[1]Although sec. 174.02, Stats. 1981, has been amended, the language in the 1981 statute relevant to this appeal is preserved in the current statute.

trial.[2] We also hold that the court abused its discretion when it denied Meunier's motion to discover names of persons from whom Ogureks obtained statements.

The pertinent facts are undisputed: The Ogureks and Meuniers are farm neighbors. On October 19, 1982, Mrs. Meunier was operating a tractor in a field. Ogureks' dog ran under the rear axle of the tractor. Seeing the dog and startled, she "popped" the clutch. The tractor jumped, flipped over backwards and landed on her.

1. *Liability under sec. 174.02(1), Stats. 1981*

At the time of the accident, sec. 174.02(1)(a), Stats. 1981, provided, "The owner of a dog is liable for the full amount of damages caused by the dog injuring or causing injury to a person, livestock or property." The trial court concluded that sec. 174.02(1) does not clearly impose strict or absolute liability upon the dog owner. The court concluded from the affidavits supporting and opposing summary judgment that no evidence existed that the dog was mischievous or vicious or had unusual habits. The court held that Meunier had no claim under sec. 174.02(1) or for common law negligence and dismissed the complaint.

"Strict liability" is a judicial doctrine which relieves a plaintiff from proving specific acts of negligence and protects him from certain defenses. *See,* e.g. *Burrows v. Follett & Leach, Inc.,* 115 Wis. 2d 272, 278–79, 340 N.W.2d 485, 489 (1983). "Absolute liability" is a judicial doctrine which imposes civil liability on proof of a statutory violation, such as

---

[2]Because of our disposition, we need not decide whether the trial court properly dismissed Meunier's common law negligence claim based on the same accident.

violation of child labor laws. *D. L. v. Huebner,* 110 Wis. 2d 581, 639–40, 329 N.W.2d 890, 917 (1983). Ogureks' liability as dog owners depends on the terms of the statute, not on judge-made law.

That is why we restrict our analysis to the statute. If it unambiguously states the conditions under which a dog owner is liable, we may not add more by implication or statutory construction. Our first task is therefore to determine whether sec. 174.02(1), Stats. 1981, unambiguously describes the conditions for liability.

■

A statute is ambiguous if reasonable persons can understand it differently. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 166–67, 361 N.W.2d 673, 678 (1985). Whether reasonable persons can disagree on a statute's meaning is a question of law. *St. John Vianney Sch. v. Janesville Ed. Bd.,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983). We of course decide questions of law without regard to the trial court's view.

Reasonable persons can read sec. 174.02(1), Stats. 1981, only as a statement of all of the conditions under which the dog owner is liable for damages caused by the dog. It simply states that the owner *is* liable for damages caused by the dog injuring or causing injury to a person, livestock or property. The statute is complete. It permits no additions.[3]

■

Under our analysis, we have no reason to examine the history of the statute and the case law before sec. 174.02(1), Stats. 1981. The legislative history of an

---

[3]The meaning of the term "full amount of damages" to sec. 174.02(1), Stats. 1981, is not an issue at this point.

786

unambiguous statute may not be looked to for its meaning. *Aparacor, Inc. v. ILHR Department,* 97 Wis. 2d 399, 403, 293 N.W.2d 545, 547 (1980). Nor may we look to changes made by later legislation.[4]

Accordingly, we will reverse the judgment which dismissed the complaint and remand for further proceedings.

2. *Discovery*

We turn to whether the trial court misused its discretion by failing to grant Meunier's discovery motion, made because Ogureks refused to answer an interrogatory. The interrogatory asked for the names and addresses of persons from whom Ogureks had taken statements, the dates the statements were taken, the form of the statements and the name and address of the person having custody of the statements. The court denied the motion on grounds that the information sought was protected from discovery as attorney's work product and Meunier had failed to show good cause or undue hardship as required by statute.

A trial court abuses its discretion if it relies upon an erroneous view of the law. *In re Marriage of Gould*

---

[4]Section 174.02, Stats., has received frequent legislative attention. *Chambliss v. Gorelik,* 52 Wis. 2d 523, 191 N.W.2d 34 (1971), interpreted sec. 174.02, Stats. 1965, to require that a dog be vicious or mischievous to make its owner liable. Section 174.02, Stats. 1979, created liability for mischievous dogs and did not require an owner to have notice of such behavior. Chapter 285, Laws of 1981, amended sec. 174.02 by eliminating reference to mischievous or vicious behavior and provided that "The owner of a dog is liable for . . . damages caused by the dog . . . ." 1983 Wis. Act 451 amended sec. 174.02 to read that the owner "*may* be liable . . ." (emphasis added). Amended again, 1985 Wis. Act 92, the current statute states that the owner "*is* liable . . . ." (Emphasis added.)

*v. Gould,* 116 Wis. 2d 493, 498, 342 N.W.2d 426, 429 (1984). We conclude that the court abused its discretion because it relied on a mistaken understanding of sec. 804.01(2), Stats.

Section 804.01(2), Stats., governs the scope of discovery. Section 804.01(2)(c)1 provides that a party may "obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the party seeking discovery is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Wisconsin's discovery rule is substantially identical to Fed. R. Civ. P. 26. Federal decisions construing the procedural counterparts to Wisconsin rules of civil procedure are persuasive. *Wilson v. Continental Insurance Cos.,* 87 Wis. 2d 310, 316, 274 N.W.2d 679, 682 (1979). Since no Wisconsin decision has been cited to us on the issue, we review the federal decisions in point.

Federal courts have held that information similar to that requested by the Meuniers is discoverable. The names and addresses of persons interviewed are discoverable. *Kelleher v. Omark Industries, Inc.,* 20 Fed. R. Serv. 2d (Callaghan) 199, 201 (1975); *United States v. Real Estate Bd. of Met. St. Louis,* 59 F.R.D. 637, 640 (1973). *See also Ballard v. Allegheny Airlines, Inc.,* 54 F.R.D. 67, 69 (1972) (interrogatory requesting "the identity and location of persons having knowledge of any discoverable matter" must be answered); *In re Master Key,* 53 F.R.D. 87, 91 (1971) (party must "give full and complete answers" to whether it made investigations, names of persons interviewed, and existence of memoranda relating thereto); *B. & S.*

*Drilling Co. v. Halliburton Oil Well Cementing Co.,* 24
F.R.D. 1, 3 (1959) (names of persons having knowledge
of facts pertaining to occurrence out of which an
action arose are discoverable). None of the federal
cases cited required a showing of hardship.

■ The trial court reasoned and Ogureks argue that
Ogureks were compelled to answer the interrogatories
only upon Meunier's showing "undue hardship." Sec.
804.01, Stats. We disagree. Section 804.01(2)(c)1. ap-
plies to "discovery of documents and tangible things
... prepared in anticipation of litigation ...." At this
point Meunier does not seek and is not entitled to
discovery of documents or tangible things. We con-
clude, however, that Meunier is entitled to discover
the names and addresses of persons from whom
Ogureks obtained statements.[5]

3. *Work Product*

Ogureks argue that the information sought by
Meunier is protected from discovery under the work
product rule announced in *State ex rel. Dudek v.
Circuit Court,* 34 Wis. 2d 559, 150 N.W.2d 387, (1967).
*Dudek* is unaffected by subsequent enactment of sec.
804.01, Stats. *See* Judicial Council Committee's Note,
1974, 67 Wis. 2d at 659 (sec. 804.01 does "not change
the state practice under *State ex rel. Dudek v. Circuit
Court ...*").

---

[5]Federal cases have extended the discovery privilege to
include dates on which statements were given, the identity of the
person who obtained the statement, and the location of reports or
memoranda. *Lincoln Gateway Realty Co. v. Carri-Craft, Inc.,* 53
F.R.D. 303, 307 (1971), *Cities Service Oil Co. v. Celanese Corp. of
America,* 14 F.R.D. 246, 249 (1953). We do not. The information is
unnecessary at this point and may never be necessary.

A lawyer's work product includes "information he has assembled and the mental impressions, the legal theories and strategies that he has pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, mental impressions, personal beliefs, and other tangible or intangible means." *Dudek* at 589, 150 N.W.2d at 404. So defined, the names and addresses of persons who gave statements is work product.

Work product is privileged information. As such, work product is not subject to discovery "except where the objectives of pretrial discovery are unnecessarily frustrated and where good cause is shown to make exception to the rule." *Dudek,* 34 Wis. 2d at 591, 150 N.W.2d at 405. We read the rule disjunctively and conclude that information is discoverable if it fulfills either requirement. Although the names and addresses of persons interviewed in anticipation of litigation can be work product, we conclude they should be discoverable because failure to provide such information frustrates the objectives of pretrial discovery.

The objective of pretrial discovery is to establish a procedure which results in an informed resolution of a controversy. *Dudek,* 34 Wis. 2d at 576, 150 N.W.2d at 397. Pretrial discovery is "designed to formulate, define and narrow the issues to be tried, increase the chances for settlement, and give each party opportunity to fully inform himself of the facts of the case and the evidence which may come out at trial." *Id.* Discovery is designed to eliminate surprise.

Allowing discovery of the names and addresses of the persons who gave statements will give a party the

opportunity to fully inform himself of the facts of the case and the evidence which may come out at trial, without requiring disclosure of the contents of the statements themselves. It will be for Meunier to pursue that opportunity and obtain the facts. Accordingly, we conclude that the names and addresses of persons who gave statements, as sought by Meunier in his interrogatory, are discoverable.

*By the Court.*—Judgment dismissing complaint and order denying motion to compel responses reversed and remanded for further proceedings.