UPTHEGROVE HARDWARE, INC., a domestic corporation, Plaintiff-Appellant-Cross Respondent, †

v.

PENNSYLVANIA LUMBERMANS INSURANCE COMPANY, a foreign corporation, Defendant-Respondent-Cross Appellant.

Court of Appeals

*No. 89-0827-FT. Submitted on briefs June 13, 1989.—Decided August 1, 1989.*

(Also reported in 447 N.W.2d 367.)

† Petition to review denied.

8

For plaintiff-appellant there was a brief submitted by *Glen Cunningham* of *Marcovich, Cochrane, Milliken & Cunningham* of Superior.

For defendant-respondent there was a brief submitted by *James A. Morrison* of *Morrison & Coggins, S.C.* of Marinette.

Before Cane, P.J., LaRocque and Gartzke, JJ.

CANE, P.J. Upthegrove Hardware, Inc., appeals and Pennsylvania Lumbermans Insurance Company cross-appeals an amended judgment[1] following a remand from this court in *Upthegrove Hardware, Inc. v. Pennsylvania Lumbermans Mut. Ins. Co.,* 146 Wis. 2d 470, 431 N.W.2d 689 (Ct. App. 1988). Lumbermans contends that the trial court erred when it computed the principal owed for purposes of awarding interest under the statute designed to encourage early acceptance of settlement offers, sec. 807.01(4), Stats. This computation reflected the outstanding principal on the policy proceeds plus interest awarded under the statute providing for timely payment of insurance claims, sec. 628.46(1), Stats. Upthegrove contends that the trial court erred when it refused to allow interest awarded under sec. 628.46(1) to continue to accumulate after interest began accruing under sec. 807.01(4). Upthegrove further contends that the court erred when it refused to award compound interest under sec. 807.01(4). Because we conclude that the trial court correctly calculated interest under both statutes, we affirm.

In *Upthegrove I,* this court held that Upthegrove's property damage claim was overdue for the purposes of sec. 628.46(1) on March 20, 1985. Section 628.46(1) provides in pertinent part:

> Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is

---

[1] This is an expedited appeal pursuant to Rule 809.17.

10

furnished written notice of the fact of a covered loss and of the amount of the loss. . . . For the purpose of calculating the extent to which any claim is overdue, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the U.S. mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery. All overdue payments shall bear simple interest at the rate of 12% per year.

Upthegrove made an offer for settlement pursuant to sec. 807.01(4), which was not accepted by Lumbermans. Upthegrove then prevailed at trial, and obtained a judgment greater than or equal to the amount specified in the offer of settlement. Interest began to accrue on August 15, 1985, for the purposes of sec. 807.01(4), which provides:

If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

The three errors Upthegrove and Lumbermans alleged require this court to interpret the language of secs. 628.46(1) and 807.01(4). The construction of a statute is a matter of law that we review independently without deference to the trial court's decision. *Luther Hosp. v. Eau Claire County*, 115 Wis. 2d 100, 104, 339 N.W.2d 798, 800 (Ct. App. 1983).

Lumbermans contends that the trial court erred when it computed the principal owed for purposes of

awarding interest under sec. 807.01(4) as the outstanding principal on the policy proceeds plus interest awarded under sec. 628.46(1). It urges that a construction of sec. 807.01(4), allowing the application of interest to a sum that already includes accumulated interest, will discourage early offers of settlement. A plaintiff would benefit, it argues, from waiting until shortly before trial to make a settlement offer, knowing that he or she could collect "interest on interest" from an insurer. We are not persuaded.

■ Section 807.01(4) provides for payment of interest on "the amount recovered." Part of the amount recovered in a case where an insurance company has denied timely payment of a claim is sec. 628.46(1) interest. A plaintiff who makes an early offer of settlement will collect, if successful, interest on damages awarded at trial from the date of the offer of settlement, in addition to interest on the policy proceeds. To delay an offer of settlement to gain "interest on interest" on the policy proceeds would mean giving up any interest that could be accumulating on a potential damage award. We do not agree that a construction of sec. 807.01(4), allowing interest on accumulated sec. 628.46(1) interest as part of the "amount recovered," will discourage early settlement offers.

Upthegrove presents two issues on appeal. It first contends that the trial court erred when it refused to allow interest awarded under sec. 628.46(1) to accumulate after interest began accruing under sec. 807.01(4). It urges that the plain meaning of sec. 628.46(1) provides for interest to accumulate under the statute until the amount owed is mailed or delivered to the insured. It argues that sec. 807.01(4) interest was intended to be added in addition to sec. 628.46(1) interest from the time

a settlement offer is made until the total amount is paid. We disagree.

Upthegrove cites *Wood v. Detroit Auto. Inter-Ins. Exch.*, 299 N.W.2d 370 (Mich. App. 1980), *modified on other grounds,* 321 N.W.2d 653 (1982)), in support of its contention. In *Wood,* the court upheld the "stacking" of interest when awarded under two Michigan statutes, one providing for 6% judgment interest, and the other for "12 percent penalty interest under the No-Fault Act." *Id.* at 374. We note that a Michigan decision is not binding on this court. Even were this decision precedent, however, it would not control in this case because the no-fault interest provided under the Michigan statute was interpreted by the court as "penalty interest." Upthegrove cites no authority to support its contention that the Wisconsin legislature intended sec. 628.46(1) to penalize insurers.

In Wisconsin, courts have recognized that prejudgment interest is not a penalty but, rather, reflects the value of the use of the money. *Anderson v. LIRC,* 111 Wis. 2d 245, 260, 330 N.W.2d 594, 601 (1983). Both secs. 628.46(1) and 807.01(4) provide for the same 12% interest rate. Section 807.01(4) provides for interest on the "amount recovered" from the date of the offer of settlement until it is paid. As discussed above, part of the "amount recovered" includes the interest accumulated due to the untimely payment of a claim prior to a settlement offer. The successful party recovers interest under sec. 807.01(4) because it is seen as having "recovered" the amount awarded in judgment on the date of the settlement offer. Sec. 807.01(4) interest is then computed to compensate that party for the use of its money during the ensuing litigation. We conclude that the lan-

13

guage and intent of sec. 807.01(4) contemplate that when the plaintiff succeeds in recovering a judgment applying this statute, the untimely claim is "paid" or "recovered" as of the date of a settlement offer. It is entirely consistent, then, to terminate sec. 628.46(1) interest when paid.

Upthegrove next contends that it was entitled to receive compound interest on the amount recovered under sec. 807.01(4). It urges that the intent to provide compound interest is clear because the legislature provided for "simple interest at the rate of 12% per year" in sec. 628.46(1) and "interest at the annual rate of 12%" in sec. 807.01(4). It urges that we adopt the holding in *Miskofsky v. Ohio Cas. Ins. Co.*, 497 A.2d 223 (N.J. Super. 1984). We note that this holding was recently overruled in *Simon v. CNA Ins. Co.*, 543 A.2d 110 (N.J. Super.), *cert. denied,* 550 A.2d 461 (1988). The *Simon* court held that the absence of the word "simple" in a New Jersey statute did not imply that the legislature intended to provide "compound" interest. *Id.* at 114.

Whether a statute is ambiguous is a question of law, which the appellate court decides without deference to the trial court. *Meunier v. Ogurek,* 140 Wis. 2d 782, 786, 412 N.W.2d 155, 157 (Ct. App. 1987). A statute is ambiguous if reasonable persons can understand it differently. *Id.* We agree that the language of sec. 807.01(4) is ambiguous in that the word "interest" is not modified by either "compound" or "simple." If a statute is ambiguous, the reviewing court looks to its content, subject matter, scope and history to arrive at its reasonable meaning. *Boltz v. Boltz,* 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986).

The legislative history of sec. 807.01(4) does not support a construction of the statute requiring com-

14

pound interest. Section 807.01(4) was first enacted allowing for "interest at the rate of 12% per annum." Sec. 2, ch. 271, Laws of 1979. The identical language was used at the same time to amend sec. 814.04(4), Stats., providing for interest on verdicts, and sec. 815.05(8), Stats., providing for postjudgment interest. Secs. 3–4, ch. 271, Laws of 1979. In an earlier act during the same year, the legislature made general term changes in specific sections of existing statutes, including the deletion of the word "annum" and the substitution of the word "year" in secs. 814.04(4) and 815.05(8). Sec. 60, ch. 110, Laws of 1979. Section 807.01(4) was not changed at that time because it was not yet in existence.

In 1981, the legislature amended sec. 807.01(4) and substituted "at the annual rate of 12%" for "at the rate of 12% per annum." Sec. 129, ch. 314, Laws of 1981. The legislature specifically noted at that time the reason for making this change: "Chapter 110, laws of 1979, replaced 'annum' in a large number of sections." Sec. 129, ch. 314, Laws of 1981. We conclude that the variation in language between sec. 807.01(4) and the other Wisconsin statutes awarding prejudgment and postjudgment interest results from attempts to modernize statutory language at varying times, rather than from a legislative intent to provide compound interest by using the term "at the annual rate of 12%." For these reasons, we hold that the trial court correctly calculated interest due Upthegrove under both secs. 628.46(1) and 807.01(4).

*By the Court.*—Judgment affirmed.

GARTZKE, J. (*concurring*). The problem is that secs. 628.46(1) and 807.01(4), Stats., fail to provide that one does not apply if the other does. The majority attempts to solve the problem by holding that interest

stops running under sec. 628.46(1) as of the date of the settlement offer made pursuant to sec. 807.01(4). The attempt fails. Section 628.46(1) provides that interest runs on an overdue claim until one of two alternative dates: "the date a draft or other valid instrument which is equivalent to payment was placed in the U.S. mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery." The statute contains no room for a third date.

My analysis is different but reaches the same result. The legislature usually does not provide for double compensation except to punish. Sections 628.46(1) and 807.01(4), Stats., have a common purpose: to compensate persons when their use of money to which they are entitled has been withheld. Because neither statute reflects a punitive purpose, we should infer that the legislature does not intend compensation under both. We should apply the statute which most completely compensates the plaintiff. In this case, that means that sec. 628.46(1) applies from March 20, 1985 to the date the defendant puts the check in the mail or delivers it, and sec. 807.01(4) does not apply.