**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 10, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP857**

Cir. Ct. No. **2019CV3189**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

DONALD E. CARROLL,

PLAINTIFF-APPELLANT-CROSS-RESPONDENT,

V.

SARKO ENGINEERING INC. AND ROLAND F. SARKO,

DEFENDANTS-RESPONDENTS-CROSS-APPELLANTS.

APPEAL and CROSS-APPEAL from a judgment of the circuit court for Dane County: DAVID CONWAY, Judge. *Affirmed and cause remanded with directions.*

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

¶1 KLOPPENBURG, J. This case concerns four unsatisfied judgments entered in 1999 and 2000 against Sarko Engineering, Inc. and Roland Sarko (collectively, "Sarko"); two of the judgments were obtained by Donald Carroll and

two were obtained by a third party and subsequently assigned to Carroll. Shortly before expiration of the applicable twenty-year statute of limitations, Carroll filed this action to collect on the four unsatisfied judgments.[1]

¶2 The circuit court dismissed Carroll's claims on the two judgments assigned to Carroll (referred to in this opinion as "the assigned judgments"). The basis for dismissal was that Carroll had failed to petition for and obtain leave of the court in the original actions in which those judgments had been rendered to file this new action, contrary to WIS. STAT. § 806.23.[2] Carroll appeals, appearing pro se and arguing that the leave requirement in § 806.23 does not apply to judgment assignees and that controlling case law to the contrary should be "overturned."

¶3 The circuit court also granted Carroll's motion for summary judgment as to Carroll's claims on the two judgments originally held by Carroll, for which Carroll had obtained leave in the original actions in which those judgments had been rendered, consistent with WIS. STAT. § 806.23 (referred to in this opinion as "the 2000 judgments"). Sarko cross-appeals, arguing that the circuit court lacked "competency" because Sarko's due process rights were violated when, according to Sarko, Carroll failed to provide proper notice in his petitions for leave as to the 2000 judgments under § 806.23, rendering the leave

---

[1] Under WIS. STAT. § 893.40 (2019-20), a party must commence a collection action on an unsatisfied judgment within twenty years after the judgment is rendered or else the action is barred. *See also* WIS. STAT. § 815.04(1)(c) (providing that no "proceedings [shall] be commenced upon any judgment after 20 years from the rendition of the judgment").

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] WISCONSIN STAT. § 806.23 provides, "No action shall be brought upon a judgment rendered in any court of this state between the same parties, without leave of the court, for good cause shown, on notice to the adverse party."

that he obtained to file this action "void." Sarko also argues that the court erred by granting in the new judgment (referred to in this opinion as "the 2021 judgment") interest on the post-judgment interest that had accrued in the twenty years since entry of the unsatisfied 2000 judgments.

¶4 As to Carroll's appeal, we conclude that the circuit court properly dismissed the claims on the assigned judgments based on Carroll's failure to comply with WIS. STAT. § 806.23. Under controlling case law, that statute applies to judgment assignees in the same way that it applies to the original judgment holders, as Carroll concedes, and we lack the power to overrule that case law, as Carroll requests.

¶5 As to Sarko's cross-appeal, we reject Sarko's due process argument, which is directed at the petitions for leave that were decided by a court commissioner in the original actions in which the judgments had been rendered. Properly construed, it is a challenge to the court commissioner's orders granting Carroll's asserted deficient petitions. The court commissioner rendered those orders in the cases in which the 2000 judgments were entered, and Sarko cannot challenge those orders in this new action because Sarko did not seek de novo review of those orders in the circuit court under WIS. STAT. § 799.207(2)(b). Finally, we conclude that the circuit court did not err by granting in the 2021 judgment interest on the accrued post-judgment interest on the 2000 judgments. Accordingly, we affirm[3].

---

[3] We also remand with directions for the circuit court to make a small adjustment to the calculation of the 2021 judgment, unrelated to the inclusion of the accrued post-judgment interest, as set forth at the end of this opinion.

**BACKGROUND**

¶6    The following facts, which are pertinent to and provide context for the three issues on appeal, are undisputed.

¶7    On September 27, 2019, Carroll personally served Sarko with two petitions for leave to bring an action to collect on both of the 2000 judgments, which, to repeat, are two unsatisfied judgments that had been entered in favor of Carroll and against Sarko. One judgment was entered in April 2000 for $5,159, and the other judgment was entered in June 2000 for $4,914.31.

¶8    On October 16, 2019, Carroll filed the petitions in the small claims court that had rendered the 2000 judgments, and the court commissioner granted the petitions for leave as to the 2000 judgments on October 23, 2019. The petitions were filed, and the orders were entered, in the original 1999 and 2000 cases in which the 2000 judgments had been rendered.

¶9    On November 18, 2019, Carroll filed a summons and complaint against Sarko seeking to collect on the unsatisfied 2000 judgments for which he had obtained leave. The complaint also sought to collect on two additional unsatisfied judgments against Sarko that had been entered in favor of a third party on November 19, 1999, and in March 2000. The third party assigned both of those judgments to Carroll in December 2006.

¶10    Sarko moved to dismiss the claims on the two assigned judgments based on Carroll's failure to obtain leave under WIS. STAT. § 806.23 and because "it [was] too late [then] to attempt to obtain leave" given that the applicable statute of limitations had expired as to those claims. Carroll conceded that he had not obtained leave as to those two judgments and that, under controlling case law, he

4

was required to do so. However, he argued that the case law was wrongly decided. The circuit court granted Sarko's motion to dismiss in a written decision and order.

¶11 Carroll moved for summary judgment on the claims on the 2000 judgments originally held by him.[4] Sarko opposed the motion, arguing in pertinent part that (1) Carroll had violated Sarko's due process rights by failing to provide notice of the opportunity to contest the petitions in his petitions for leave in the original actions, and (2) the twenty years of post-judgment interest accrued on the 2000 judgments should not be included in the principal amount of any new judgment in this action. Carroll subsequently filed a notice of hearing on his petitions for leave to bring this action on the 2000 judgments. Pursuant to a briefing schedule set by the circuit court, Carroll filed a brief in support of his petitions and Sarko filed a brief opposing the petitions.

¶12 The circuit court held a joint hearing, starting with a "hearing on whether good cause existed" to support Carroll's petitions under WIS. STAT. § 806.23, and continuing with a hearing at which it heard oral argument on Carroll's motion for summary judgment. After the joint hearing, the court issued a comprehensive written decision and order concluding that: (1) Carroll had provided proper notice when he served, filed, and obtained orders granting the petitions for leave; (2) "as an aside, [] 'good cause' clearly existed under WIS. STAT. § 806.23 for allowing [Carroll] leave to file this collection action"; and

---

[4] Carroll also moved for summary judgment on the claims on the two assigned judgments. The circuit court did not address that part of Carroll's motion in light of its having granted Sarko's motion to dismiss those claims for Carroll's failure to obtain leave under WIS. STAT. § 806.23.

(3) Carroll was entitled to summary judgment on the 2000 judgments in the amount of the sum of the total of each judgment plus twenty years of "accrued post-judgment simple interest." The court entered judgment consistent with that decision and order.

¶13 Carroll's appeal and Sarko's cross-appeal followed.

## DISCUSSION

¶14 The parties challenge various aspects of the circuit court's decisions in this collection action on unsatisfied judgments entered in 1999 and 2000. Carroll argues on appeal that the circuit court erred in granting Sarko's motion to dismiss the claims on the two judgments assigned to him. Sarko argues on cross-appeal that the circuit court erred in granting Carroll's motion for summary judgment on the claims on the two 2000 judgments originally held by Carroll. Before proceeding, we briefly summarize the legal context that underlies the parties' challenges.

¶15 A judgment creditor must commence a collection action on a judgment within twenty years after the judgment is entered or else the action is barred. WIS. STAT. § 893.40. However, a judgment creditor may "revive [an] expired or expiring judgment[]" and "obtain a new, enforceable judgment" by filing an action on the judgment. *Chase Lumber & Fuel Co., Inc. v Chase*, 228 Wis. 2d 179, 201-02, 596 N.W.2d 840 (Ct. App. 1999). Before filing such an action, the judgment creditor must first obtain from the court that "rendered" the judgment "leave of the court [to file an action on the judgment], for good cause shown, on notice to the adverse party." WIS. STAT. § 806.23. "The decision whether to grant a motion for leave to act on a judgment is discretionary with the

trial court and reversible only for an [erroneous exercise] of discretion." ***Anderson v. Kojo***, 110 Wis. 2d 22, 28, 327 N.W.2d 195 (Ct. App. 1982).

¶16 A judgment creditor "can meet the 'good cause' requirement by showing that an action on the judgment is necessary to enforce his or her rights." ***Id.*** at 25 (citing ***First Wisconsin Nat'l Bank v Rische***, 15 Wis. 2d 564, 568, 113 N.W.2d 416 (1962)). The court in ***Anderson*** gave the following examples of when such a showing is made:

> In *Rische*, the supreme court has held that a plaintiff had met the good cause requirement by showing that the twenty-year statute of limitations on the judgment was about to expire and that plaintiff would thereafter be barred from issuing execution or obtaining leave to action on the judgment. [*Rische*, 15 Wis. 2d at 568.] In *Meier v. Purdun*, 70 Wis. 2d 1100, 1106, 236 N.W.2d 262, 265 (1975), the court held that the plaintiff had met the good cause requirement by showing that the ten-year judgment lien period provided by sec. 270.79 (1971), had expired, so that the action was necessary to enforce the plaintiff's lien.

***Anderson***, 110 Wis. 2d at 25. In ***Anderson***, this court ruled that the plaintiff established good cause—that an action on the judgment was necessary to preserve the plaintiff's rights to enforce the judgment—by showing that "[t]he five-year period within which [the] plaintiff could have issued execution without leave of court has expired [and the] ten-year judgment lien period has also expired." ***Id.***[5]

---

[5] Here, it is undisputed that Carroll filed this action to collect on the unsatisfied judgments "because the enforceability of these judgments would soon be barred because of the statute of limitations pertaining to judgments." Sarko acknowledged in oral argument in the circuit court that it is undisputed that when Carroll sought leave and then filed this action, the statute of limitations was due to expire on the judgments within "a year," and that the case law cited in the text holds that a plaintiff whose judgment is about to expire satisfies the good-cause requirement of WIS. STAT. § 806.23. The parties do not in this court raise any issue as to whether Carroll satisfied the good-cause requirement.

¶17    We now consider the appeal and cross-appeal in turn.

## I.  CARROLL'S APPEAL:  DISMISSAL OF CLAIMS ON JUDGMENTS ASSIGNED TO CARROLL

¶18    The standard of review of a motion to dismiss is well established:

> A motion to dismiss tests the legal sufficiency of the complaint.  Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom.  However, a court cannot add facts in the process of construing a complaint.  Moreover, legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss.  Therefore, our focus is on factual allegations made in the complaint.  We determine whether the facts alleged state a claim for relief, which is a legal question that we review independently.

*Townsend v. ChartSwap*, 2021 WI 86, ¶10, 399 Wis. 2d 599, 967 N.W.2d 21 (internal citations and quotation marks omitted).

¶19    Here, the circuit court granted Sarko's motion to dismiss the claims on the two judgments assigned to Carroll because Carroll failed to obtain leave to file an action on those judgments as required by WIS. STAT. § 806.23.  Carroll did not allege that he obtained leave to file this action on the assigned judgments, and he concedes on appeal, as he did in the circuit court, that he did not obtain leave to file this action on the assigned judgments.  Carroll argues on appeal, as he did in the circuit court, that he was not required to do so because the leave requirement in § 806.23 applies only where the action on judgment involves the same parties as the case in which the original judgment was rendered.  According to Carroll, the statute does not apply to the claims on the judgments that were subsequently assigned to him because he was not a party to the original judgment actions.

¶20 WISCONSIN STAT. § 806.23 states: "No action shall be brought upon a judgment rendered in any court of this state between the same parties, without leave of the court, for good cause shown, on notice to the adverse party." As the circuit court stated, the issue on the motion to dismiss "is whether [Carroll], a judgment assignee, is considered the same party as the judgment assignor for purposes of triggering the conditions precedent to a collection action under WIS. STAT. § 806.23." Carroll concedes on appeal, as he did in the circuit court, that our supreme court has answered this question in the affirmative. In *Gould v. Jackson*, 257 Wis. 110, 42 N.W.2d 489 (1950), the court held that the statute that is now codified as WIS. STAT. § 806.23 applies to judgment assignees: "the phrase 'between the same parties' … was meant to include the assignee who stands in the shoes of his assignor[, and] as the original judgment creditor could not bring his action without leave of court neither can his assignee." *Id.* at 114-15. The court concluded:

> [T]he legislature intended no diminution of a judgment debtor's protection because the action against him is brought by a second or subsequent owner of the judgment rather than the first. The assignee, therefore, must comply with the requirements to which the assignor was subject and, if he does not, the consequences of the omission are the same for the assignee as they would have been in the case of the assignor.

*Id.* at 115.

¶21 Carroll argues that we should overturn the decision in *Gould* because it is "based upon an incomplete historical examination, an application of the law to a situation that was illegal at the time of the passage of the original statute, a comparison of actionable claims which are clearly distinguishable, and a result which nullifies the purpose of the statute." However, we are bound by the decision and lack authority to overrule it. *See Cook v. Cook*, 208 Wis. 2d 166,

189, 560 N.W.2d 246 (1997) ("The supreme court is the only state court with the power to overrule, modify or withdraw language from a previous supreme court case.").

¶22    In sum, we conclude that the circuit court properly dismissed the claims on the judgments that were assigned to Carroll.

## II.  SARKO'S CROSS-APPEAL:  SUMMARY JUDGMENT ON 2000 JUDGMENTS ORIGINALLY HELD BY CARROLL

¶23    We review summary judgment de novo, construing the facts and reasonable inferences from those facts in the nonmoving party's favor. ***Strozinsky v. School Dist. of Brown Deer***, 2000 WI 97, ¶32, 237 Wis. 2d 19, 614 N.W.2d 443.  Summary judgment is granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  WIS. STAT. § 802.08(2).

¶24    Sarko makes two arguments in its cross-appeal, which we consider in turn.

### A.  *Whether Sarko was denied due process when Carroll petitioned for and obtained leave in the two original actions to file this new action.*

¶25    Sarko argues that the circuit court lacked "competency" to proceed with this new action on the judgment because Sarko's due process rights were violated when, according to Sarko, Carroll failed to provide proper notice in his petitions for leave as to the 2000 judgments under WIS. STAT. § 806.23, rendering the orders granting leave to sue void.  We recap the pertinent facts.  Carroll filed the petitions on October 16, 2019, in the small claims court that had rendered the 2000 judgments and in the cases in which the 2000 judgments had been rendered, nineteen days after personally serving the petitions on Sarko.  Seven days later on

October 23, 2019, the court commissioner entered orders granting the petitions in the cases in which the 2000 judgments had been rendered. Carroll subsequently filed this new action in the circuit court seeking to collect on the 2000 judgments.

¶26 We now explain why we reject Sarko's due process argument. Sarko's argument, properly construed, challenges the court commissioner's orders granting Carroll's petitions for leave on the ground that the petitions provided improper notice. Those orders were entered in October 2019 by the court commissioner in cases different from the case on appeal, and Sarko does not assert that it had no notice of those orders.

¶27 A court commissioner's orders are not final orders that may be appealed directly to this court, but "must first go to the circuit court" for de novo review. *Dane Cnty. v. C.M.B.*, 165 Wis. 2d 703, 709, 713, 478 N.W.2d 385 (1992); WIS. STAT. § 799.207(2)(b) (providing that a party may file a demand for de novo review in the circuit court of a court commissioner's decision); *see also* *State v. Trongeau*, 135 Wis. 2d 188, 192-94, 400 N.W.2d 12 (Ct. App. 1986) (stating that this court does not have jurisdiction to review a court commissioner's orders, and that the authority to review a court commissioner's orders lies with the circuit court). To obtain de novo review by the circuit court, a party must file a timely demand. Absent such a demand, the court commissioner's decision "shall become a judgment" and is no longer reviewable by the circuit court (or, for that matter, by the court of appeals). Sec. 799.207(2), (2)(b). Sarko did not seek de novo review in the circuit court of the court commissioner's orders in the original

11

actions. Therefore, Sarko's failure to do so deprived the circuit court in this new action of competency to hear the challenge to the court commissioner's orders.[6]

¶28 Sarko's effort to circumvent the court commissioner's orders here is the essence of a collateral attack. "A collateral attack on a judgment is 'an attempt to avoid, evade, or deny the force and effect of a judgment in an indirect manner and not in a direct proceeding prescribed by law and instituted for the purpose of vacating, reviewing, or annulling it.'" ***Oneida Cnty. DSS v. Nicole W.***, 2007 WI 30, ¶27, 299 Wis. 2d 637, 728 N.W.2d 652 (citation omitted). In general, "a judgment is binding on the parties and may not be attacked in a collateral action unless it was procured by fraud." ***Id.***, ¶28 (quoting ***State v. Madison***, 120 Wis. 2d 150, 154, 353 N.W.2d 835 (Ct.App.1984)). "Wisconsin courts have recognized the general disfavor of allowing collateral challenges on the basis that 'they disrupt the finality of prior judgments and thereby tend to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice.'" ***Id.*** (citation omitted).

¶29 In sum, we reject Sarko's challenge to the court commissioner's orders granting Carroll's petitions for leave as a collateral attack on those orders, based on Sarko's failure to seek de novo review in the circuit court of those orders in the original actions.

---

[6] We observe that the circuit court appears to have implicitly acknowledged that Sarko's due process argument was, properly construed, addressed to the propriety of the court commissioner's orders granting the petitions for leave and was, therefore, improperly raised in this action. At the start of the hearing on whether the petitions established good cause under WIS. STAT. § 806.23, the court noted that it was holding the hearing to be consistent with proceedings in a separate action on judgment filed by Carroll against Sarko, but that it did not believe that such a hearing in this action was necessary. As indicated in the text, if Sarko believes that the court commissioner in the 1999 and 2000 cases proceeded on deficient petitions, then Sarko should have timely objected or sought de novo circuit court review in those cases.

*B. Whether the circuit court improperly included accrued post-judgment interest in the principal amount of the 2021 judgment.*

¶30    Sarko argues that the circuit court erred by including accrued post-judgment interest in the principal amount of the 2021 judgment.  To help clarify the narrow target of Sarko's argument, we observe that Sarko does not dispute that statutory post-judgment interest has accrued on the 2000 judgments from the time of their entry until the 2021 judgment was entered by the circuit court in this case.  Nor does Sarko dispute that the amount of that interest is properly included in the 2021 judgment.  Sarko also does not dispute that statutory interest will continue to accrue on the amounts of the 2000 judgments until those amounts are paid.  However, Sarko argues that statutory interest should not accrue in the judgment in this case on the statutory interest that accrued on the amounts of the 2000 judgments.

¶31    Thus, the issue is whether:  (1) the amount of the 2021 judgment should be a new principal amount that includes the statutory post-judgment interest that has already accrued on the 2000 judgments, and that new principal amount will accrue interest going forward; or (2) the 2000 judgment amounts and accrued interest should be listed separately in the 2021 judgment and, going forward, statutory interest will accrue on the 2000 judgment amounts only.  Sarko advocates for the second option.  In support of that position, Sarko argues that the "amount recovered," which is the amount eligible to accrue post-judgment interest under WIS. STAT. § 815.05(8), does not include statutory interest that has accrued on the 2000 judgments and that the accrued interest should not, therefore, continue to accrue statutory post-judgment interest following the 2021 judgment.

¶32    We first state the applicable standard of review and statutes, and explain the scope of "amount recovered" under WIS. STAT. § 815.05(8).  We then

13

provide additional background and explain our conclusion that the circuit court properly entered a judgment that included twenty years of accrued statutory post-judgment interest on the 2000 judgment amounts, on which statutory post-judgment interest will continue to accrue.

1. Standard of Review and Applicable Statutes

¶33    The issue of whether the circuit court properly calculated the amount on which statutory post-judgment interest will accrue involves an interpretation of WIS. STAT. § 815.05(8).  We review de novo the interpretation and application of a statute to undisputed facts.  *Nelson v. McLaughlin*, 211 Wis. 2d 487, 495, 565 N.W.2d 123 (1997).   Statutory interpretation begins with the language of the statute.  *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  "Previous cases construing a statute also become a part of our understanding of a statute's plain meaning."  *Meyers v. Bayer AG*, 2007 WI 99, ¶23, 303 Wis. 2d 295, 735 N.W.2d 448.

¶34    WISCONSIN STAT. § 815.05(8) governs post-judgment interest.  Prior to December 2, 2011, the statute provided that "every execution upon a judgment for the recovery of money shall direct the collection of interest at the rate of 12% per year on the *amount recovered* from the day of entry of judgment until it is paid."  WIS. STAT. § 815.05(8) (2009-10) (emphasis added).  This twelve percent flat rate was in effect at the time of the 2000 judgments, *Andersen*, 110 Wis. 2d at 24 n.2, and Sarko does not dispute that this twelve percent flat rate applied over the twenty years since the 2000 judgments were entered.

¶35    The current version of WIS. STAT. § 815.05(8), applicable to the 2021 judgment, also states that interest accrues "on the *amount recovered* from the date of the entry of the judgment until it is paid."  (Emphasis added).  However,

the annual interest rate that applies is "equal to 1 percent plus the prime rate in effect on January 1 of the year in which the judgment is entered."[7]

¶36    As stated, the resolution of this part of Sarko's cross-appeal turns on whether the statutory post-judgment interest that has accrued on the 2000 judgments is included in the term "amount recovered" in WIS. STAT. § 815.05(8) for purposes of calculating interest on the 2021 judgment.

## 2.  Scope of "Amount Recovered"

¶37    Courts have interpreted the meaning of "amount recovered" as used in a similar statute, WIS. STAT. § 807.01(4), which instructs on how to calculate interest in cases where there is a rejected offer of settlement.[8]  Under both WIS. STAT. § 815.05(8) and § 807.01(4), interest accrues on the "amount recovered" in the judgment.

¶38    Our supreme court in *Nelson* interpreted "amount recovered" to include only the portion of the verdict for which the party is responsible.  211 Wis. 2d 487, ¶¶2, 19, 26 (concluding that where an insurance company was only

---

[7] 2011 Wisconsin Act 69 amended WIS. STAT. § 815.05(8) so that post-judgment interest is now commensurate with economic conditions at the time of judgment.  The effective date of this change from the twelve percent post-judgment interest rate was December 2, 2011.  *See* Wis. State. Leg., 2011 Wis. Act 69, *available at* https://docs.legis.wisconsin.gov/2011/related/acts/69.

[8] WISCONSIN. STAT. § 807.01(4) states:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest … on the *amount recovered* from the date of the offer of settlement until the amount is paid.

(Emphasis added).

liable for a portion of the jury verdict up to its policy limits, the "amount recovered" for purposes of calculating interest was only the amount that the insurance company was individually responsible for). Applying the rationale from *Nelson*, this court in *Majorowicz v. Allied Mut. Ins. Co.*, extended "amount recovered" to include punitive damages, stating that "[b]ecause [the defendant] was responsible for the punitive damages, [the defendant] was also responsible for the … interest assessed on the punitive damages under WIS. STAT. § 807.01(4)." 212 Wis. 2d 513, 539, 569 N.W.2d 472 (Ct. App. 1997).

¶39 Conversely, "amount recovered" does not include costs or attorney's fees that are added to a judgment. *See American Motorists Ins. Co. v. R & S Meats, Inc.*, 190 Wis. 2d 196, 213-14, 526 N.W.2d 791 (Ct. App. 1994) (agreeing that "'amount recovered' is limited to the damages awarded, not double costs" awarded). Attorney's fees and costs are "a shifting of the costs of litigation, and separate from recovery." *Dobbratz Trucking & Excavating, Inc. v. PACCAR, Inc.*, 2002 WI App 138, ¶31, 256 Wis. 2d 205, 647 N.W.2d 315.

¶40 Accrued interest has been properly included in the principal of a new judgment, i.e., the "amount recovered" for purposes of calculating post-judgment interest on the new judgment, in similar circumstances to the one at issue in the present case. *See Upthegrove Hardware, Inc. v. Pennsylvania Lumbermans Ins. Co.*, 152 Wis. 2d 7, 11-14, 447 N.W.2d 367 (Ct. App. 1989) (Interest that accrued under the statute for untimely payment of insurance claims becomes part of the "amount recovered" for the purpose of calculating post-judgment interest under WIS. STAT. § 807.01(4).); *Meier*, 94 Wis. 2d at 561-62, 564 (affirming a new judgment that was comprised of the principal of an unsatisfied judgment and the accrued post-judgment interest).

16

### 3. Additional Background

¶41 In April 2000, a judgment was entered for Carroll in the amount of $5,072 plus costs of $87. In June 2000, a judgment was entered for Carroll in the amount of $4,849.31 plus costs of $65.

¶42 Following the circuit court's grant of summary judgment as to these two 2000 judgments in the present case, the court ordered that judgment in Carroll's favor be entered in the amount of $34,249.25, comprised of the sum of the two following totals.

April 2000 Judgment

| | |
|---|---|
| Principal | $5,159.00 |
| Interest | $12,381.60 |
| Total | $17,540.60 |

June 2000 Judgment

| | |
|---|---|
| Principal | $4,914.31 |
| Interest | $11,794.34 |
| Total | $16,708.65 |

¶43 The interest on each of the principals was calculated by applying the statutory twelve percent interest rate for the twenty-year period that the 2000 judgments were unsatisfied. *See* WIS. STAT. § 815.05(8) (2009-10).

### 4. "Amount Recovered" in the 2021 Judgment

¶44 Consistent with the legal principles summarized above, the "amount recovered" for purposes of calculating statutory post-judgment interest subsequent to the 2021 judgment includes both the 2000 judgment principals *and* the twenty years of accrued post-judgment interest on those principals. As stated, parties are

liable for interest on the portions of the judgment for which they are responsible. *See Majorowicz*, 212 Wis. 2d at 539; *Upthegrove Hardware*, 152 Wis. 2d at 11-14; *Meier*, 94 Wis. 2d at 561-62, 564. Here, because Sarko was, at the time of the 2021 judgment, still responsible for paying both the principals of the 2000 judgments and the twenty years of accrued statutory interest on those principals, the accrued interest is part of the "amount recovered" under WIS. STAT. § 815.05(8), and is, therefore, subject to continued statutory post-judgment interest going forward.[9] Accordingly, we conclude that the circuit court properly included the twenty years of accrued statutory post-judgment interest in the principal of the 2021 judgment.

¶45 We now address Sarko's arguments to the contrary. Sarko argues that, under *Nelson*, *American Motorists* and *Dobbratz*, the "amount recovered" "mean[s] something different than the entirety of the judgment." However, Sarko does not state sufficient reasoning connecting the specific rulings in *Nelson*, *American Motorists*, or *Dobbratz*, stated above, to Sarko's specific assertion that the "amount recovered" does not include accrued post-judgment interest. Nor does Sarko's reliance on those rulings give us reason to reject the analysis in ¶44, above. We reject Sarko's argument based on those cases for this reason.

¶46 Sarko argues that "amount recovered" in an action on a judgment is equal only to the monetary damages awarded to the plaintiff in the original judgment because the original judgment is merely "revived and preserved." In support, Sarko cites the following statement from *Chase*: "[t]he 'action on

---

[9] In addition, as we explain below, Sarko cites no law supporting the proposition that interest is, like costs, added to rather than incorporated into the judgment that Sarko is responsible for paying.

judgment' statute exists to revive expired or expiring judgments, not to enforce freshly entered ones." *Chase*, 228 Wis. 2d at 202. Sarko argues that the action here can only revive the original principal amounts from the 2000 judgments and can "not enforce" a new judgment of a different amount. As we explain, Sarko takes the above quote from *Chase* out of context. More significantly, the issue in *Chase* did not involve any determination of the amount on the new judgment, but merely ruled that WIS. STAT. § 806.23 did not apply to the motion to enforce the judgment for specific performance that had been entered in that case. *Id.* at 200.

¶47 The dispute in *Chase* involved an order and judgment for specific performance requiring the defendant to comply with an option to purchase contract. *Id.* at 188. When the defendant refused to schedule the closing of the sale, the plaintiff filed a motion to enforce the judgment. *Id.* at 189. The defendant argued that the plaintiff could not enforce the judgment by motion but instead was required to file a new action on the judgment under WIS. STAT. § 806.23. *Id.* at 202. The court rejected that argument, explaining that § 806.23, the "action on judgment" statute, which applied to parties seeking to collect on "money judgment[s] that had expired by virtue of the statute of limitations," did not apply to the specific performance judgment at issue because "[t]he 'action on judgment' statute exists to revive expired or expiring judgments, not to enforce freshly entered ones." *Id.* The judgment for specific performance in *Chase* was a "freshly entered" judgment, whereas the judgments governed by § 806.23 are "expired or expiring judgments."

¶48 Sarko points to no language in *Chase* that concerns the determination of the amount of a *new* judgment under § 806.23, or that bars a circuit court from entering judgment for an amount that differs from the original judgments. In fact, other language in *Chase* clearly contradicts Sarko's argument:

19

"[w]hen a judgment becomes unenforceable, a judgment creditor may file an 'action on the judgment' in order to obtain a *new*, enforceable judgment," *id.* at 200-01 (emphasis added); "[a] party seeking to collect under [an expiring money judgment] must obtain a *new* judgment," *id.* at 202 (emphasis added).

¶49　Sarko lastly argues that the statutory post-judgment interest accrued on the 2000 judgments should be added to the 2021 judgment as part of costs or otherwise something akin to a cost, i.e., a sum of money added to a judgment but which does not accrue interest. However, the circuit court cannot impose costs that are not specifically authorized by statute. *See Kleinke v. Farmers Coop. Supply & Shipping*, 202 Wis. 2d 138, 147, 549 N.W.2d 714 (1996). Sarko cites no legal authority that would allow the circuit court to impose the accrued interest on the 2000 judgments as a cost or anything akin to a cost.[10]

¶50　Before concluding, we observe that, while the circuit court properly included twenty years of accrued statutory post-judgment interest in the principal amount of the 2021 judgment, the 2000 judgment principals used to make that calculation were incorrect and require an adjustment. As argued by Sarko and pursuant to the law above, the "amount recovered" for purposes of calculating accrued statutory post-judgment interest does not include costs. Therefore, when calculating the twenty years of accrued statutory post-judgment interest on the 2000 judgments, the principals that should be used are the amounts of the original

---

[10] WIS. STAT. § 814.04(4) specifically authorizes pre-judgment interest to accrue "from the time of verdict, decision, or report until judgment is entered" and be added to the costs. This statute does not apply here, as the interest at issue is accrued post-judgment interest under § 815.05(8), which does not authorize the circuit court to add the post-judgment interest to costs.

judgments *without* costs: $5,072 and $4,849.31, respectively.[11] Applying the statutory twelve percent interest rate under WIS. STAT. § 815.05(8) (2009-10) over the twenty years the 2000 judgments were unsatisfied results in the following amounts of accrued interest: $12,172.80 and $11,638.34, respectively. The amount of accrued post-judgment interest included in the 2021 judgment should be corrected accordingly. Further, no costs (for either the 2000 judgments or the 2021 judgment) should be included when calculating post-judgment interest on the 2021 judgment.

¶51 In sum, we affirm the judgment, which includes twenty years of accrued statutory post-judgment interest in the 2021 judgment principal. However we remand to the circuit court to exclude costs from the principals of the 2000 judgments when calculating accrued statutory post-judgment interest as indicated above.

## CONCUSION

¶52 For the reasons stated above we affirm and remand with directions.

¶53 No costs to either party.

---

[11] Sarko also argues that the circuit court erred in allowing interest to accrue on pre-judgment interest. Sarko is referencing the $24 of pre-judgment interest added to costs on the first 2000 judgment pursuant to WIS. STAT. § 814.04(4). Because pre-judgment interest is included in costs under § 814.04(4), removing costs from the principal before calculation of accrued post-judgment interest also properly removes any pre-judgment interest from that calculation.

*By the Court.*—Judgment affirmed and cause remanded with directions.

Not recommended for publication in the official reports.